[PHILADELPHIA, DECEMBER 31st; 1836.]

THOMAS *against* FOLWELL and Another.

CASE STATED.

<div style="float:right">

Wharton.
2wh 11
131  486

Wharton.
2wh 11
144  454

2wh 11
168  177

Whart.
2wh 11
198  341

2wh 11
201  394

</div>

It is the settled law of Pennsylvania, that a married women is to be deemed to possess no power in respect to her separate estate, but what is positively given, or reserved to her, by the instrument creating such estate.

Where by a deed made after marriage, real estate was conveyed in trust for the separate use of A., the wife of the grantor; the trustee to receive the rents and profits, and pay the same over to A. or to such person, and in such manner as she should appoint; it was *held*, that she had no power to *devise* the estate by an instrument in nature of a will.

AN action was brought in this Court to December term, 1835, by Agnes Thomas, guardian of the person and estate of Mary Ann Allen, against William Folwell, jun., and Samuel N. Davis, executors of the will of Richard F. Allen, deceased; and a case was stated for the opinion of the Court as follows:

" Richard F. Allen, and Susan J. Allen, his wife, executed to Anthony J. Thomas, on the fourth day of December, 1829, a deed of trust as follows: ' This Indenture made the first day of June, 1829, between Richard F. Allen, of the city of Philadelphia, merchant, and Susan J. Allen, his wife, of the first part, and Anthony J. Thomas, of Germantown township, Philadelphia county, miller, of the second part, witnesseth, that for and in consideration of the sum of nine thousand five hundred dollars, unto them at or before the sealing and delivery hereof, by the said Anthony paid, the receipt whereof is hereby acknowledged, the said Richard F. Allen and Susan his wife, have granted, bargained and sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain,

(Thomas *v.* Folwell.)

and sell, alien, enfeoff, release and confirm unto the said Anthony J. Thomas, and to his heirs and assigns, in fee simple, the following described property—in trust nevertheless, and to and for the uses, interests and purposes hereinafter expressed and declared; that is to say, all that certain messuage or tenement, and lot or piece of ground thereunto belonging, situate on the west side of Delaware Front street, between High street and Mulberry street, in the city of Philadelphia, containing in breadth on the said Front street, about eighteen feet, and in length or depth, holding that breadth about one hundred and forty-one feet nine inches, to a certain ten feet wide alley, extending from thence, northward into Garden street, alias Coomb's alley—bounded, &c. And together also, with all and singular the buildings, improvements, ways, alleys, passages, waters, water-courses, rights, privileges, members, hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever, of them the said Richard F. Allen, and Susan his wife, in law or otherwise howsoever of, in and to the same. Also, all that certain lot or piece of ground situate on the north side of Cherry street, at the distance of two hundred and twenty-four feet eastward, from the east side of Schuylkill Fifth street, in the city of Philadelphia, containing in front or breadth on the said Cherry street, twenty feet, and in length or depth, one hundred and thirty feet— bounded, &c. Together with all and singular, the streets, ways, alleys, passages, waters, water-courses, rights, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand of them the said Richard F. Allen, and Susan his wife, in law, equity or howsoever, of, in and to the same. To have and to hold the property above described and hereby granted and conveyed, with the appurtenances, unto the said Anthony J. Thomas, his heirs and assigns forever—UPON TRUST NEVERTHELESS, and to and for the only proper use and behoof of the said Susan J. Allen, wife of the said Richard F. Allen, her heirs and assigns forever; and to receive the rents, issues and profits of the same, and to pay over the same to the said Susan J. Allen, or to such person or persons, and in such manner as she the said Susan, shall or may direct, order and appoint, from time to time, and at all times hereafter, and the said Richard F. Allen, for himself, his heirs, executors and administrators, doth covenant and agree to and with the said Anthony J. Thomas, his heirs and assigns, by these presents, that the said Richard F. Allen, and his heirs, the said messuage or tenement and lot or piece of ground, hereditament and premises hereby granted and conveyed with the appurtenances unto the said Anthony in trust, for the uses, intents and purposes aforesaid, against

him the said Richard F. Allen, and against his heirs, and against all every person whomsoever lawfully claiming or to claim *by, from or under him or them, or any of them, shall and will warrant and forever defend by these presents. In witness whereof, the said parties have hereunto set their hands and seals. Dated the day and year first above written.

[Signed] R. F. ALLEN. (Seal.)
SUSAN J. ALLEN. (Seal.)'

The deed was duly witnessed, and was acknowledged the fourth day of September, A. D. 1829, and recorded in the office for recording deeds for the city and county of Philadelphia, the 7th day of September, 1829.

Susan J. Allen on the third day of March, 1833, made a will in which after disposing of certain personal estate, she made the following devise:

'Item, In reference to a deed of trust executed to Anthony J. Thomas, by Richard F. Allen, my husband, and myself, dated the first day of June, in the year 1829, recorded in the office for recording of deeds for the city and county of Philadelphia, in Deed Book G. W. R. No. 134, page 129, &c., of a certain house and lot of ground in Front street, and a vacant lot of ground on Cherry street, in the same deed, as will more fully appear by said deed of trust; I hereby authorise, empower and request the said Anthony J. Thomas, trustee as aforesaid, to reconvey and transfer the said property at my demise, or as soon after as is convenient, to my husband R. F. Allen, or to any other person or persons he may direct, as fully and effectually as I could or might do.'

After making some further legacies and bequests, she concluded as follows: 'Finally and lastly, I constitute my brother Anthony J. Thomas, executor of this my last will and testament.'

Anthony J. Thomas died while the testatrix yet survived, who then made the following alteration in her will in reference to the trust estate.

'Second, and as to all the property mentioned and contained in a certain deed executed by Richard F. Allen and myself to Anthony J. Thomas in trust for me, mentioned in my said will and testament, and recorded in Deed Book, G. W. R. No. 24, page 129, &c., I hereby give, devise and bequeath the same to my husband, Richard F. Allen, in fee, and my will and desire is, that the same shall and may be conveyed to him as soon after my decease as may be. And I hereby nominate and appoint William Folwell, jr., of the city of Philadelphia, trustee, in the place of Anthony J. Thomas, deceased, to convey the said property to the said Richard F. Allen, in fee simple as aforesaid.

'Third: And I hereby nominate and appoint my said husband, Richard F. Allen, trustee in the place of Anthony J. Thomas, since

(Thomas *v.* Folwell.)

deceased, of all the property by me in my said last will and testament, given, devised and bequeathed to my daughter Mary Ann Allen, and to take, manage and receive the same, in the same manner as the said Anthony, is in my said will, authorised and empowered to do.

" Fourth : And I hereby further nominate and appoint my said husband, Richard F. Allen, to be the executor of this my last will and testament, in the place of the said Anthony J. Thomas, who was named by me as my executor, in my said will and testament, dated the third day of March, 1833.'

Susan J. Allen died, her husband who is named as executor, surviving her—but before her will was proved, he also died, and letters of administration *cum testamento annexo,* were taken out by Robert J. Thomas, on the 24th of October, 1834.

Richard F. Allen made a will on the first day of September, 1833, and after directing that his just debts and funeral expenses be paid, devised as follows : ' All the furniture, bed and bedding not disposed of by my wife Susan, I give and bequeath to Agnes Thomas. To my daughter Mary Ann Allen, I gave and bequeath ten thousand dollars, to be placed out at interest in good securities, as my executors may deem best. To my mother Agnes Thomas, I give five thousand dollars. To Martha T. Martin, I give and bequeath two thousand dollars. To my sister Phebe Lee, I give and bequeath all my right, title and interest to a certain farm in New Jersey, on which she now resides, and direct the deed to be handed over to her, and I also direct that my sister Phebe Lee, shall be paid out of my estate, three thousand dollars. To my nephew Thomas Harker, one thousand dollars. To Augustus Harker, I give and bequeath one thousand dollars. To my nephews, sons of Daniel Taylor, I give to each, one thousand dollars. The rest and residue of all my estate, I give and bequeath to my nephew, Charles A. Shinn.

' In the fulfilment of this my last will and testament, I hereby constitute and appoint William Folwell, Jr. and Samuel N. Davis, my executors.'

It is agreed that no consideration ever in fact, passed from Anthony J. Thomas to R. F. Allen and Susan his wife, or either of them, (as expressed in the deed) for the conveyance so made as above in trust. Anthony J. Thomas was the brother of Susan J. Allen. He died intestate, and no administration was ever had on his estate.

It is further conceded. that Richard F. Allen was, at the date of the execution of the deed of trust, perfectly solvent, and that his estate is yet solvent. He had then living one child, Mary Ann Allen by Susan J. Allen, who still survives.

It is further agreed, that the deed of trust—the will of Susan J. Allen, and the will of Richard F. Allen, parts of all of which are

recited above, shall be considered as forming a part of the case now stated for the opinion of the Court; and if the Court shall be of opinion that Mary Ann Allen, the only surviving issue of Richard F. Allen and Susan J. Allen, takes an estate under the deed of trust, in the property therein described, as heir at law of the mother, then judgment to be entered for plaintiff as upon the finding of a jury in ejectment, for the premises described in said deed of trust.

It is understood and agreed that nothing herein contained is to be considered or taken as admission of the validity or legal operation of the papers termed a will or wills of Susan J. Allen, as a will or wills, but the same are left entirely open. It is also understood that the several papers referred to, or recited, are to be considered as parts of the case.

<div align="right">CHAUNCEY P. HOLCOMB, for Plff.</div>

<div align="right">JOHN SERGEANT, } for defts."<br>S. BRASHEARS, }</div>

Mr. *Holcomb*, for the plaintiff, argued, 1st, that Richard F. Allen was competent to make a conveyance of the estate for the benefit of his wife; it being admitted that he was solvent at the time. He referred to *Sexton* v. *Wheaton*, (8 *Wheaton*, 229.) *Reade* v. *Livingston*, (3 *Johns. Ch. Rep.* 481.) 2 *Kent's Comm.* 145.

2d, That the use was not executed in Susan J. Allen; *Sylvester* v. *Wilson*, (2 *Term. Rep.* 444.) 2 *Black. Comm.* 386, (Note.) 2 *Eq. Cases, Abr.* 383. *Lancaster* v. *Dolan*, (1 *Rawle*, 147.) *Shaw* v. *M'Cameron*, (11 *Serg. & Rawle*, 252.) *Newel* v. *Wheeler*, (7 *Mass. Rep.* 198.)

3d, That she was incompetent to make a will affecting this estate. It is settled that a married woman cannot make a will, unless by virtue of a power legally created. *West* v. *West*, (10 *Serg. & Rawle*, 445.) 2 *Kent's Comm.* 145. *Bradish* v. *Gibbs*, (3 *Johns. Rep.* 523.) *Ewing* v. *Smith*, (3 *Dessauss. Rep.* 417.) In this case the deed of September 4th, 1829, gave no power to Susan J. Allen, to dispose of the property by will; and it is settled in the case of *Lancaster* v. *Dolan*, and in the cases in New York, that unless the power is expressly given, it cannot be exercised. The following cases were also cited. *Craig* v. *Leslie*, (3 *Wheaton*, 563.) *Kennedy* v. *Furey*, (1 *Dallas*, 72.) *Jameson* v. *Brady*, (6 *Serg. & Rawle*, 466.) *Evans* v. *Knorr*, (6 *Serg. & Rawle*, 66.) *Torbert* v. *Twining*, (1 *Yeates*, 432.) *Moses* v. *Rush*, (5 *Ves.* 692.) 2 *Roper on Husband and Wife*, 184.

Mr. *Brashears*, for the defendants, stated that he was not instructed to dispute the points contended for on behalf of the plaintiff; the executors desiring only to have the directions of the Court.

The opinion of the Court was delivered by

GIBSON, C. J.—We adhere to *Lancaster* v. *Dolan*, as an authority

(Thomas *v.* Folwell.)

unopposed by any other to which we are bound to submit, and as a decision founded in convenience and reason. Either the judgment in that case was right, or the common law which suspends a wife's power over her legal estate, is wrong. Her disability under either, is designed to protect her against the husband's power—in the case of a settlement the mischief avowedly deprecated; yet the object is necessarily jeoparded in proportion to the extent of her own power. Why is a settlement ever made? Certainly to exclude the husband's control. But to exclude his direct control, which consists in an exercise of legal power, and yet leave him the means of giving effect to an indirect control, which consists in an exercise of personal influence, is to do nothing. We daily see the incompatibility of the wife's protection with the qualified power of alienation, given her by our statutes; and the English Chancery Reports show that the same mischief has ensued from the license allowed her under deeds of settlement, by reason of which, what would otherwise have kept the wolf from the door, has been wasted or pirated by the husband. The modern doctrine of courts of equity, is founded on what appears to be a misconception of the leading purpose of a settlement, which is obviously to disable the husband, and not to enable the wife, at least further than may be consistent with the security of her title, of which the grantor ought in the particular case to be the judge. The object is not so much to give her the dominion of a *feme sole,* which every man of experience knows would in a countless number of instances defeat the principal intent, as to withdraw the estate from the dominion of the husband; and we might expect it to occur to those who are called to the interpretation of these instruments, that the surest way to accomplish this, would be to restrain the power of both. The donor has doubtless capacity to remove, by the instrumentality of a trust, the disability annexed to coverture by the common law, so far even as to give the wife the power of a *feme sole;* and there may be examples of feminine firmness, that would render it safe in particular instances to do so; but it would expose a woman of ordinary resolution to perils from which she would be protected by the common law, the practical wisdom of whose maxims, matured as they are by the experience of a thousand years, no thorough-bred lawyer will hesitate to admit. We therefore hold it to be the settled law of Pennsylvania, that instead of having every power from which she is not negatively debarred in the conveyance, she shall be deemed to have none but what is positively given or reserved to her. By the trust in the present instance, the *feme* had but a power to receive the profits, or appoint an agent to do so; and as the freehold did not pass by her appointment in the nature of a will, it descended to her surviving issue.

<div align="right">Judgment for the plaintiff.</div>