## Wallace *against* Coston.

9 w 137
131　486
9 w 137
144　451
9 w h 137
198　341

A feme covert is deemed, in respect to her separate estate, a feme sole only to the extent of the power clearly given by the instrument by which the estate is settled, and has no right of disposition beyond it.

ERROR to the district court of *Allegheny* county.

William Wallace against Zera Coston and Jane, his Wife. The wife of the defendant, previously to her marriage, was seized in fee of a ground rent, in the city of Pittsburgh, of 156 dollars per annum, and conveyed it to Nathaniel Holmes, "In trust, that the said Nathaniel and his heirs shall receive the rents which shall accrue out of the premises, and shall, during the lifetime of the said Jane, pay over the same to her or to her agent, for her sole and separate use, without being subject to the appropriation, control or interference of any future husband of the said Jane, or of his creditors." After her marriage with the plaintiff she wrote the following letter to Rebecca Wallace, her aunt, for whose comfort she was desirous to make provision.

"Dear Aunt:—I regret that I cannot see you before I go away. I wish to do all I can to render you comfortable. If you think you will be more happy to come to town and live with Jane Wallace, she is willing to provide for you, and if you should be sick you would probably be more contented, you can do as you please, your board shall be paid and every thing provided for your comfort wherever you may choose to spend your time. Yours, &c.,

"Jane Coston."

The plaintiff alleged in his declaration, that, relying upon the separate estate, which the said Jane Coston had, and the promise contained in the said letter, he did take the said Rebecca Wallace into his family and provide for her; for which he claimed to recover in this suit a reasonable compensation.

*Grier,* president, after reviewing all the authorities on the subject of the power of a feme covert to charge her separate estate, instructed the jury, that in as much as there was no express power contained in the deed of trust, by which she might charge her estate, the plaintiff was not entitled to recover.

*Hamilton,* for plaintiff in error, cited, 3 *Serg. & Rawle* 578; 1 *Rawle* 247; 7 *Serg. & Rawle* 279; 3 *Johns. Chan.* 114; 1 *Bro. Chan. Rep.* 16; *Reev. Dom Rel.* 168. 170; 2 *P. Wms.* 146; 17 *Johns.* 548; 17 *Vez. Jun.* 365.

[Wallace v. Coston.]

*M'Candless, contra,* cited, 3 *Whart.* 309; 2 *Whart.* 11; 2 *Vez.* 109; 2 *P. Wms.* 84—243; 1 *Vez.* 163—517; 15 *Vez. Jun.* 595; 17 *Vez.* 365; 2 *Atk.* 379.

The opinion of the court was delivered by

Rogers, J.—This case is not distinguishable from Lancaster *v.* Dolan, 1 *Rawle* 247; since recognized in Thomas *v.* Folwell, 2 *Whart.* 11; and in Dorrance *v.* Scott, 3 *Whart.* 309. A feme covert, in respect to her separate estate, is deemed a feme sole only to the extent of the power clearly given by the instrument by which the estate is settled, and has no right of disposition beyond it. In the antenuptial settlement there is no trace of any authority given to the wife, by which she is enabled to charge her separate estate for the debts of her husband or any others, or for the maintenance of any human being. It is very plain, that if she could bind her separate estate by such a contract without an express power, the decision in Lancaster *v.* Dolan, which was mainly intended to protect her from the influence of her husband, would be made in vain, as there would, in that case, be no want of devices by which her property would be wrested from her. To what extent, if at all, and under what circumstances she may bind herself for necessaries does not arise, but in the cases of the Moravian Brethren *v.* Greenleaf and Wife, from Lehigh county, it was held, that the wife's separate estate was not liable: 1st, Because no express power was given her in the deed of settlement, and, because it did not expressly appear, at the time the necessaries were furnished, that it was intended to bind her separate estate. In the letter, which is the foundation of the claim, Mrs Coston says, " Your board shall be paid, and every thing provided for your comfort, wherever you may choose to spend your time." This was a letter of credit to her aunt, to whom the letter was written, but whether she intended that she would pay the expenses out of her separate fortune, or to pledge the faith of her husband to that extent, does not expressly appear. But we do not put the case on that point, but on the former; for if she had express power in the deed of settlement, to charge her separate estate, whether the act of contracting a debt for which the husband was not liable, would furnish sufficient evidence that she agreed to pay out of her separate estate, we do not undertake now to decide. It may be worthy the attention of persons who make contracts with married women, or perhaps, from the spirit of our decision, we may ultimately be of the opinion, that to bind her separate estate an express contract or one necessarily implied will be required.

Judgment affirmed.