## W. G. WARDEN v. KATE LYONS.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 8, 1887—Decided January 3, 1888.

A deed from Lyons and wife to H., after the habendum contained the clause : " In trust, however for the said Kate Lyons and for her sole, and separate use, the said party of the second part to convey by good and sufficient deed to the said Kate Lyons the within described premises in fee-simple." Six days afterwards, H. conveyed the premises to Mrs. Lyons by an ordinary deed in fee simple, and subsequently Lyons and wife joined in a mortgage thereof :

Held, that, after the conveyance to her from H., the wife was seized of an absolute estate in fee, freed from the trust and unimpressed with a sole and separate use, and that the premises were bound by the mortgage.

Before GORDON, C. J., PAXSON, STERRETT, and WILL-IAMS, JJ.; TRUNKEY, GREEN and CLARK, JJ., absent.

No. 258 October Term 1887, Sup. Ct.; court below, No. 83 January Term 1887, C. P. No. 2.

The cause below was a scire facias sur mortgage, by William G. Warden against Kate Lyons, executrix of Andrew Lyons, deceased, and Kate Lyons, widow of said deceased. The mortgage was dated December 10, 1881, and executed by Andrew Lyons and Kate, his wife, to William G. Warden, to secure the repayment of a loan to Andrew Lyons of $13,000. There was a special plea by the defendant to the scire facias "that the real estate described in the mortgage, upon which the suit was founded, was at the time of the execution and delivery of said mortgage vested in and held by her, for her sole and separate use, and until and at the time of the said execution and delivery, she was a married woman, being the wife of Andrew Lyons."

At the trial on October 18, 1887, before EWING, P. J., the plaintiff entered a nonsuit as to Kate Lyons, executrix of Andrew Lyons, deceased. The jury found the following special verdict:

We find for the plaintiff in the sum of seventeen thousand seven hundred and forty-three dollars, subject to the opinion of the court on the question of law reserved, and the following facts found, to wit:

We find that Kate Lyons, the owner and mortgagor, obtained title as follows: Andrew Lyons was the owner, and, when in good circumstances, with his wife, joined in a conveyance to R. J. Hemmick, by deed dated August 20, 1879, recorded in deed book, vol. 391, page 687, conveying this land for the uses and trusts mentioned in said deed, to wit: "In trust, however, for the said Kate Lyons, and for her sole and separate use, the said party of the second part to convey, by good and sufficient deed, to the said Kate Lyons, the within described premises in fee simple." And thereupon the said R. J. Hemmick and his wife, by deed of general warranty, dated August 26, 1879, recorded in deed book, vol. 391, page 689, conveyed the said lots of ground to Kate Lyons in fee simple, reciting the deed of Andrew Lyons and wife in trust

for said Kate Lyons. For greater certainty these deeds are made a part of this verdict.

If the court be of opinion that under these conveyances, Kate Lyons, being then the wife of Andrew Lyons, had power to mortgage this property for the debt of her husband, as recited in the bond and mortgage offered in evidence, judgment to be entered on the verdict in favor of the plaintiff. If the court be of opinion that she had not such power, then judgment to be entered in favor of defendant, non obstante veredicto.

The same day, after argument by counsel, and upon due consideration, the court being of opinion that on the question reserved the law was with the defendant, it was ordered that, upon payment of the verdict fee, judgment be entered in favor of the defendant non obstante veredicto. Thereupon, judgment being entered, the plaintiff took this writ assigning as error:

1. The entry of judgment for the defendant non obstante, etc.

2. The ruling that on the question reserved the law was with the defendant.

*Mr. John Dalzell* (with him *Mr. J. Erastus McKelvy*), for the plaintiff in error:

The contention is that a separate estate to the sole use of Mrs. Kate Lyons was created by the deed to Hemmick, and that the limitation of this conveyance extended over to that from Hemmick and created a legal estate in Mrs. Lyons incapable of disposition by her during coverture.

The deed to Hemmick provided for two things: (1) That he should hold the legal title in trust for Mrs. Lyons' sole and separate use; (2) that he should convey to her by good and sufficient deed in fee simple. In each matter, his duty was plain and clear. So long as he held the legal title, he was to hold it in trust; when he disposed of it, there was an imperative direction to convey to a certain person by good and sufficient deed in fee simple. These duties were performed as required. To aid in a fair construction there are certain well settled principles:

1. The intention to create a separate estate must be clearly and unequivocally expressed: Hill, Trust., § 420; the purpose must appear beyond any reasonable doubt: Story Eq. J., § 1381; Bisp. Eq., § 100. If the legal estate become vested in the feme, it is impossible to exclude the right of the husband: Bisp. Eq., § 99; Todd's App., 24 Pa. 429; Cord. Leg. & Eq. Estates of Mar. W., § 568; Tritt's Admr. v. Colwell, 31 Pa. 234; Morrison v. Sav. Bank, 26 P. L. J. 118.

2. The inability of a feme covert arises out of the rule that she has no power except what is conferred by the deed: Lancaster v. Dolan, 1 R. 231; Wright v. Brown, 44 Pa. 224. By the deed to Hemmick, he was to terminate the trust, and she was to take in fee simple by good and sufficient deed from him. A tenant in fee simple is he that hath, etc.

3. Where there are apparent inconsistencies in a deed and a necessity for construction, the question then becomes one of intent: Perry, Trusts, § 650; Huss v. Stephens, 51 Pa. 282. The intent of Andrew Lyons was plainly to give the property to his wife; he made a third party the conduit in the customary way; by a wise precaution he arranged that while the title was in Hemmick it should be beyond the possibility of diversion. Moreover, a number of years after the fee simple conveyance is made by Hemmick, Mr. and Mrs. Lyons join in the mortgage to the plaintiff, and every presumption is against the belief that they intended a fraud upon him.

*Mr. John S. Ferguson* and *Mr. Lewis McMullen* (with them *Mr. J. T. Myler*), for the defendant in error:

If there be a sufficient legal defence, the question of honesty or dishonesty is not open for discussion. The plaintiff took the mortgage with full knowledge that Mrs. Lyons was a married woman and with full notice of the state of the title. The case is wholly upon the language of the deed to Hemmick. If that deed created a separate use, the subsequent deed by Hemmick, whether made of his own motion or upon request or direction, could not change her estate: Twining's App., 97 Pa. 36; Wright v. Brown, 44 Pa. 224.

1. Before and since the act of 1848, real estate held by a married woman to her sole and separate use, with or without a trustee, cannot be conveyed or mortgaged during coverture

unless the power be conferred by the instrument creating the estate : Lancaster v. Dolan, 1 R. 231; Wright v. Brown, 44 Pa. 224; Maurer's App., 86 Pa. 384; Twining's App., 97 Pa. 36; Cochran v. O'Hern, 4 W. & S. 95; Jones's App., 57 Pa. 371. Aside from the direction to convey to Mrs. Lyons, the words used in the deed to Hemmick are the precise technical words which define the estate that Mrs. Lyons took, and they clearly and unequivocally deprive the husband of his marital rights : Jamison v. Brady, 6 S. & R. 466; Tyson's App., 10 Pa. 220; Snyder v. Snyder, 10 Pa. 423.

2. The intent of the parties must have been to have some meaning in every part of the instrument; therefore, a construction which leads to a contradiction in the different parts must be rejected : Wager v. Wager, 1 S. & R. 374; Tyler v. Moore, 42 Pa. 374. In the direction to convey to Mrs. Lyons, there is nothing inconsistent with the previous direction that the estate should be for her sole and separate use. An estate for a sole and separate use is a fee, with the temporary qualification that it is withdrawn from the dominion of the husband: Thomas v. Folwell, 2 Wh. 11; Dubs v. Dubs, 31 Pa. 155. It would be most unreasonable to hold that Andrew Lyons, who was particular to create a sole and separate use in his wife, should in the same instrument provide for its immediate destruction.

3. If, however, we assume that the clause directing the conveyance to her means either, (1) that the title should be conveyed so that she should hold for her sole and separate use without the intervention of a trustee, or, (2) that at the termination of the sole and separate use, to wit, at the death of her husband, the trustee should convey, in either case we shall have given a harmonious construction to the deed. On the contrary, to support the contention of the plaintiff, it must be assumed that the grantor did not intend his words to have their legal effect, and that he entertained the absurd purpose of creating an estate for one moment to be stricken down the next.

OPINION, MR. JUSTICE PAXSON:

The question in this case is, whether under the deeds referred to in the special verdict, Kate Lyons, the defendant below, took a separate use estate, or an estate in fee simple.

The effect of a separate use is to withdraw the estate from the dominion of the husband: Thomas v. Folwell, 2 Wh. 11. An estate in fee excludes all qualification or restriction as to the persons who may inherit as heirs, thus distinguishing it from a fee-tail as well as from an estate which, though inheritable, is subject to conditions or collateral determination: 1 Bouvier, Law Dict., 649.

Andrew Lyons, the husband of the defendant, was at one time the owner of the property in question. While the title was vested in him, he united with his wife in a conveyance of said property to one R. J. Hemmick. The consideration of the deed was one dollar, and after the habendum was inserted this clause: "In trust, however, for the said Kate Lyons and for her sole and separate use, the said party of the second part (Hemmick) to convey by good and sufficient deed to the said Kate Lyons the within described premises in fee simple." Six days after the date of this deed Hemmick conveyed the premises by deed in fee simple to Mrs. Lyons. Subsequently Mr. and Mrs. Lyons mortgaged the premises to the plaintiff below to secure the sum of $13,000. To a scire facias upon this mortgage, Mrs. Lyons (her husband being then deceased) interposed the defence that under the deeds referred to she had only a separate use in the property. This defence was sustained by the court below, and judgment was entered for the defendant upon the question of law reversed, non obstante veredicto.

It is plain that the object sought to be attained by means of these conveyances was to place the title in the wife. The deed from Lyons and wife to Hemmick imposed upon the latter two duties, viz.: 1, to hold for the separate use of the wife, and 2, to convey to her in fee. Both these duties were performed. The deed from Hemmick to Mrs. Lyons was an ordinary warranty deed in fee. There is not a word in it of a separate use, or any qualification of the fee whatever. We do not think it was intended that there should be. Lyons evidently wished to give the fee to his wife, but as Hemmick was the conduit through which the title was to pass, he provided against an incumbrance upon the title while upon its passage, by impressing a trust upon the face of the deed to Hemmick. It is true a mere trust without the separate use, would have prevented

an incumbrance falling upon the title while it rested in Hemmick. Conceding this, we still have the fact that, neither by the language of the deed nor by necessary implication, was Hemmick to impress a separate use in the conveyance he was to make to Mrs. Lyons. Had he done so she might well have complained that he had not properly executed the trust.

Aside from this we have the undisputed fact that both Lyons and his wife placed the above construction upon the deeds referred to. This is apparent from the fact that they joined in the mortgage in question. They evidently regarded the estate of Mrs. Lyons as a fee, or else they intended a deliberate fraud upon the plaintiff by giving him a mortgage they had no right to make. We cannot impute such an act to them, but on the contrary we prefer to hold that they intended to do just what they have done, and that was to place the title in Mrs. Lyons in fee.

> The judgment is reversed and the record remitted, with instructions to enter judgment for the plaintiff below upon the verdict.