# Hays, Appellant, *v.* Leonard.

[Marked to be reported.]

*Trusts and trustees—Separate use trust—Married women.*

The married women's acts of 1848 and 1887 have not rendered useless a separate use trust to protect a married woman from the importunities of her husband, and the same form of words will at present create such a use, as were appropriate for that purpose before the passage of these acts.

A separate use trust is created by a devise to a daughter-in-law " to have and to hold the said premises with the appurtenances to her sole and separate use, free from the interference or control of her husband, and to her heirs and assigns forever." MacConnell v. Lindsay, 131 Pa. 476, followed, and MacConnell v. Wright, 150 Pa. 275, distinguished and explained.

Argued Jan. 25, 1893. Appeal, No. 130, Jan. T., 1893, by plaintiff, John Hays, from judgment of C. P. Cumberland Co., Sept. T., 1889, No. 211, on verdict for defendants, E. B. Leonard et al. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment.

The facts appear by the opinion of the Supreme Court.

The court, FURST, P. J., of the 49th judicial district, specially presiding, gave binding instruction for defendant. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was (2) above instruction, quoting it.

*John Hays,* of *Henderson & Hays,* and *Edward B Watts,* for appellant.—No words of inheritance were used in the following cases of separate estates, or the devise or grant was for life only: Lancaster v. Dolan, 1 Rawle, 231 ; Craig v. Watt, 8 Watts, 498 ; Snyder v. Snyder, 10 Pa. 423 ; People's Savings Bank v. Denig, 131 Pa. 241 ; Smith v. Starr, 3 Whart. 63 ; Rogers v. Smith, 4 Pa. 93 ; Penna. Co. v. Foster, 35 Pa. 134 ; Maurer's Ap., 86 Pa. 380 ; Hamersley v. Smith, 4 Whart. 126 ; Harrison v. Brolaskey, 20 Pa. 299 ; Steacy v. Rice, 27 Pa. 75 ; Bush's Ap., 33 Pa. 85 ; Koenig's Ap., 57 Pa. 352 ; Springer v. Arundel, 64 Pa. 218 ; Wells v. McCall, 64 Pa. 207 ; Phila. Trust, Safe De-

posit & Ins. Co.'s Ap., 93 Pa. 209; McMullen v. Beatty, 56 Pa. 389; Kuntzleman's Est., 136 Pa. 142; Megargee v. Naglee, 64 Pa. 216.

In the following cases words of inheritance were used, but the grant or devise was to a trustee: Thomas v. Folwell, 2 Whart. 11; Lyne's Ex'r v. Crouse, 1 Pa. 111; Nice's Ap., 50 Pa. 143; Freyvogle v. Hughes, 56 Pa. 228; Ege v. Medlar, 82 Pa. 86; Dubs v. Dubs, 31 Pa. 149.

In the following cases words of inheritance were used, and the separate estate was held good: Wright v. Brown, 44 Pa. 224; Ringe v. Kellner, 99 Pa. 460; MacConnell v. Lindsey, 131 Pa. 476; MacConnell v. Wright, 150 Pa. 275.

In the following cases words of inheritance were used, and it was held that no separate estate was created although the intention to exclude the husband was clearly expressed: Farie's Ap., 23 Pa. 29; Rank v. Rank, 120 Pa. 191.

The trust dies with the husband or upon divorce, because its purpose is to bar his marital rights: Koenig's Ap., 57 Pa. 352; Bacon's Ap., 57 Pa. 504; Dodson v. Ball, 60 Pa. 492; Ogden's Ap., 70 Pa. 501; Bank v. Denig, 131 Pa. 241; Steacy v. Rice, 27 Pa. 75; Bush's Ap., 33 Pa. 85; Nice's Ap., 50 Pa. 143; Freyvogle v. Hughes, 56 Pa. 228; William's Ap., 83 Pa. 377; Kuntzleman's Ap., 136 Pa. 143; Wells v. McCall, 64 Pa. 207; Yarnall's Ap., 70 Pa. 339; Snyder's Ap., 92 Pa. 504; Quin's Est., 144 Pa. 444.

It must be for a married woman or one in immediate contemplation of marriage with a particular individual: Quin's Est., 144 Pa. 444; McBride v. Smyth, 54 Pa. 245; Wells v. McCall, 64 Pa. 207; Snyder's Ap., 92 Pa. 504; Yarnall's Ap., 70 Pa. 239; Ogden's Ap., 70 Pa. 501.

The husband is entitled to courtesy unless statutory order of descent is changed: Farie's Ap., 23 Pa. 29; Dubs v. Dubs, 31 Pa. 149; Ege v. Medlar, 82 Pa. 86; Rank v. Rank, 120 Pa. 191.

The separate estate of a married woman means an estate held by somebody in trust for her; and not an estate the legal title to which is in herself: Todd's Ap., 24 Pa. 429.

A separate use in the wife could only be created by an instrument clearly expressing the donor's intention to bar the husband's marital rights: Tritt v. Colwell, 31 Pa. 228; Ringe v. Kellner, 99 Pa. 460.

The question whether the testator has created a separate use trust estate, or a legal estate in fee simple, is always one of intention, but the burden is upon those claiming he intended to create a separate use trust estate to show this by language clearly indicating such intent : Morrison v. Dollar Savings Bank, 36 Leg. Int. 215; Rank v. Rank, 120 Pa. 191; Mac-Connell v. Wright, 150 Pa. 275. The decisions cannot be reconciled.

*Wm. Trickett, Geo. E. Mills* and *J. W. Wetzel* with him, for appellees.—The Leonard will created a sole and separate use : Morrison v. Dollar Savings Bank, 36 Leg. Int. 215; MacConnell v. Lindsay, 131 Pa. 476 ; 2 Perry, Trusts, § 647, Little, Brown & Co.'s ed. of 1874 ; Wright v. Brown, 44 Pa. 224; Mc-Mullin v. Beatty, 56 Pa. 389 ; Peoples Savings Bank v. Denig, 131 Pa. 241 ; Rogers v. Smith, 4 Pa. 93 ; Wallace v. Coston, 9 Watts. 137 ; Rigler v. Cloud, 14 Pa. 361; Todd's Ap., 24 Pa. 429 ; Richardson v. Aiken, 104 Pa. 567 ; Wells v. McCall, 64 Pa. 207; Bisph. Eq. § 100, 1st ed.

The name of a trustee is unnecessary: 2 Perry, Trusts, § 647, 2d ed.; MacConnell v. Lindsay, 131 Pa. 476; Wright v. Brown, 44 Pa. 224; Shonk v. Brown, 61 Pa. 321; Richardson v. Aiken, 104 Pa. 567.

The married woman whose estate is a sole and separate use has no power to alien or mortgage, unless such power is expressly conferred: Maurer's Ap., 86 Pa. 380 ; Quin's Est., 144 Pa. 444; Lancaster v. Dolan, 1 Rawle, 231 ; Thomas v. Folwell, 2 Whart. 11; MacConnell v. Lindsay, 131 Pa. 476 ; McMullin v. Beatty, 56 Pa. 389; Wright v. Brown, 44 Pa. 224.

The sole and separate use may effect an estate for life or a fee. A specimen of the former is Peoples Savings Bank v. Denig, 131 Pa. 241. See also Kuntzleman's Est., 136 Pa. 143 ; Kille v. Ege, 79 Pa. 15; Ege v. Medlar, 82 Pa. 86; Dubs v. Dubs, 31 Pa. 149 ; Shonk v. Brown, 61 Pa. 321 ; Rank v. Rank, 120 Pa. 191; Carson v. Fuhs, 131 Pa. 256 ; Stokes v. McKibbin, 13 Pa. 267.

When the contract is not within the power of a married woman, a judgment on it, and a judgment of revival of this judgment and a sheriff's sale thereon, will also be void : Dorrance v. Scott, 3 Whart. 309; Vandyke v. Wells, 103 Pa. 49;

Caldwell v. Walters, 18 Pa. 79 ; Graham v. Long, 65 Pa. 383 ; Bigler v. Wilson, 5 Cent. R. 253 ; s. c., 6 Atl. R. 134 ; Shonk v. Brown, 61 Pa. 321 ; Rogers v. Smith, 4 Pa. 93 ; Spencer v. Jennings, 114 Pa. 618.

In a suit on an absolutely void contract of a married woman, her confession of judgment in open court is invalid : Hecker v. Haak, 88 Pa. 239 ; Hugus v. Dithridge Glass Co., 96 Pa. 160 ; Fenn v. Early, 113 Pa. 264 ; Wilson v. McCullough, 19 Pa. 77 ; Bailey v. Allegheny National Bank, 104 Pa. 425 ; Dorris v. Erwin, 101 Pa. 239.

Can the married woman whose mortgage is void subsequently make it good? It cannot be made good by the legislature. Can the courts make it good, by adopting a rule ex post facto that neglect to file an affidavit while the coverture continues, in a suit on the mortgage she was powerless to make, shall vitalize that mortgage? If so, the " sole and separate use " is of little value. The blandishments or threats of the husband can keep her out of court, or induce her to avoid a defence, and her land is as fully taken from her as if the mortgage had been valid : Swayne v. Lyon, 67 Pa. 436 ; Caldwell v. Walters, 18 Pa. 79 ; Rogers v. Smith, 4 Pa. 93.

OPINION BY MR. JUSTICE WILLIAMS, May 22, 1893 :

It is conceded that Anna E. Leonard took title to the real estate in controversy in this case under the will of E. B. Leonard, Sr., her husband's father. The plaintiff claims to have acquired her title by virtue of a sheriff's sale upon a judgment recovered on a mortgage executed by Anna E. Leonard and E. B. Leonard, her husband. The right of the plaintiff to recover rests upon the power of Mrs. Leonard to make a valid incumbrance. If she held an absolute estate in fee simple under the will of E. B. Leonard, Sr., she could make a valid mortgage, and a sheriff's sale under the mortgage would pass her title to the purchaser. If, however, her estate was a separate use trust, she could not bind it by her mortgage while the coverture continued, and a sheriff's sale under such mortgage did not divest her title.

The words of the will give the real estate sought to be recovered by the plaintiff to " my daughter-in-law, the wife of my son, Edward E. Leonard, Jr. . . . to have and to hold the

said premises with the appurtenances to her the said Anna Leonard, to her sole and separate use, free from the interference or control of her husband, and to her heirs and assigns forever." These are the appropriate words to create a separate use trust, and all the words necessary for that purpose. They have been held to create a trust, and to give an equitable title to the donee or devisee, from 1829, when Lancaster v. Dolan, 1 Rawle, 231, was decided, down to the present time. The power of the donee or devisee holding an equitable title under such a trust to incumber or convey the land so held, by joining the husband against whom the trust was created to protect her, has been as steadily denied. There is a long line of cases, extending from Lancaster v. Dolan, supra, to MacConnell v. Lindsay, 131 Pa. 476, decided in 1890, in which this doctrine is maintained ; and it is not seriously contended that there can be a recovery in this case, unless this doctrine, which has prevailed for more than half a century, has been departed from in the recent case of MacConnell v. Wright, 150 Pa. 275, decided in 1892.

It is true that in MacConnell v. Wright we held that the will of Mrs. Gross did not create a separate use trust in Mrs. MacConnell ; while in MacConnell v. Lindsay we had held that such a trust was created by the same words in the same will. It is true therefore that upon the question of the existence of the separate use trust the latter case did overrule the former. It is not true, however, that the principles upon which the first decision proceeded have been abandoned or overruled. A brief glance at the ratio decidendi in each case will make this entirely clear to the professional mind.

In MacConnell v. Lindsay we were asked to consider the effect of modern legislation, particularly of the acts of 1848 and 1887, on separate use trusts. It was contended that the law now relieved the estate of the wife in lands held by her before marriage, or coming to her after, from all the common law rights and control of her husband, and enabled her to hold and control it as her own separate estate ; that the reason for the creation of a separate use trust was thereby removed ; and that the trust should no longer be sustained. We declined to so hold. The acts of 1848 and 1887 were indeed effectual to strike down the legal control of the husband over the wife's

estate, but not to destroy his influence over her. An act of assembly cannot prevent the wife from yielding to overpersuasion or coercion. It can declare that her estate shall not be incumbered or conveyed by her husband or seized for his debts, but so long as she has the power to incumber or to convey she may be plied with entreaty or argument or threats, until her will is overcome and her property incumbered or lost.

To protect her from herself the separate use trust has an important place to fill, and has not been rendered useless by the legislation referred to. Upon this question, the question actually presented in MacConnell v. Lindsay, we ruled against the contention that a separate use trust would not now be raised by the words heretofore held to be apt and appropriate for that purpose.

In MacConnell v. Wright the same will was before us, but a different question was raised. The appellant conceded the correctness of the decision of MacConnell v. Lindsay upon the question there presented, but asked us to consider another question, viz.: Whether, upon a consideration of the whole will, of the situation of the estate devised, and the mode of disposing of it entered upon in the lifetime of Mrs. Gross, it was not her intent to vest in Mrs. MacConnell a fee?

Many circumstances affecting the situation of the land in controversy, as well as other portions of the estate, were brought to our attention by the evidence. The other provisions of the will were collated. The words of the gift were to Mrs. Mac-Connell " absolutely and in fee." The words excluding the control of the husband were found in a subsequent and distinct paragraph. Upon the whole will the meaning and intention of Mrs. Gross was not clear or free from difficulty, and when considered in connection with the condition of both the devisee and the estate as they were known to the testator at the time of the execution of her will, we were led to the conclusion that a separate use trust was not intended and did not exist. The uncertainty of intent appearing on the face of the will opened the way for a consideration of all the circumstances affecting the testator, the estate, and the devisee, as they stood when the will was made. The fair effect of these circumstances was against the probability that a trust was intended. On the whole case we held that the words relied on to create

the trust, and which standing alone were held in MacConnell v. Lindsay to create it, were so far overcome by other words employed by the testator, and the facts appearing in the case, as to make it impossible to declare that a separate use trust was intended by the testator.

We stand by the doctrine of MacConnell v. Lindsay. What was held in MacConnell v. Wright is that upon the will of Mrs. Gross, read in the light of the surrounding circumstances, that doctrine was inapplicable. The will now before us is not ambiguous. The surrounding circumstances, so far as they appear, indicate the existence of the testator's purpose to provide for his son's family by vesting an equitable title in his wife under a trust for her separate use. There is no reason apparent for questioning the existence of this intention which is so aptly expressed on the face of the will. The words must therefore have their natural legal effect in determining the character of Mrs. Leonard's title. This the court below correctly held to be equitable, and beyond the power of Mrs. Leonard and her husband to incumber or convey.

The judgment is affirmed.