## Daniel Steinmetz's Estate.    Martha S. Duffield's Appeal.

*Will—Trusts and trustees—Separate use trust.*

Where the purpose to create a separate use trust is clear, no particular form of words is necessary.

Testator by his will directed that during the life of his wife his real estate should remain undivided and unapportioned, and that one third of the net income should be paid to her and the remainder divided equally among his children, naming them.    He further directed as follows: " This arrangement I desire to continue during the life of my wife . . . . At her decease it is my will that my children do as they think best.    It is, however, my will (should my children agree to a division of my estate after the death of my wife) that the separate portions of my daughters . . . . shall be separately secured to them and to their use beyond the dictation of the husband of either of them."    The daughters were all married at the date of the will.    *Held*, that the daughters took a valid separate use trust which went into effect upon the death of the widow.

The intent of the testator was to secure the shares of his daughters to their separate use, and the contingency of the widow's death, and the partition by the children of the common estate did not go to the creation of the separate use but to the time and occasion for putting it into formal execution.

Argued Jan. 31, 1895. Appeal No. 145, July T., 1894, by Martha S. Duffield, from decree of O. C. Phila. Co., April T., 1891, No. 185, dimissing exceptions to adjudication. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Daniel Steinmetz died on Jan. 10, 1891. By his will he directed inter alia as follows :

" *Third.*—It is my will that my real estate remain as at present undivided and unapportioned, the rents to be collected, the repairs to be made and the interest on encumbrances paid, and when the principal of any debt due by my estate becomes due it shall be paid as though I myself acted in the premises and my Executors are hereby authorized to act and are hereby empowered so to act that my real estate may be kept intact as it now is.

" *Fourth.*—It is further my will that after my Executors shall have provided for all bills for repairs, interests for moneys borrowed (due or about to fall due), taxes, water rents and any other demands against my real estate property to be paid, then the net residue shall be distributed as follows, viz. :

" One third of said net amount shall be paid to my said wife Emma G. Steinmetz, and the remainder shall be equally divided between my children, Daniel, Henry K., Philip J., John, Charles G., Burtis, Emma M., Martha G., and Fanny J., share and share alike.

" This arrangement I desire to continue during the life of my wife the said Emma G. Steinmetz ; at her decease it is my will that my children shall do as they think best ; it is however, my will (should my children agree to a division of my estate after the death of my wife) that the separate portion of my daughters Emma M., Martha G., and Fanny J., shall be separately secured to them and their use beyond the dictation of the husband of either of them.

" *Fifth.*—Is is further my will that no portion of my estate shall be in any way subject to the debts of either of my said children, it is a gift to them for their permanent benefit and intended especially for their use in the absence of other means of support."

Mrs. Emma G. Steinmetz, widow of testator, died Oct. 11,

1892. The daughters were married at the date of the will. Upon the decease of the widow of the testator, his executors filed an account charging themselves with the proceeds of certain real estate sold by them after the death of Mrs. Emma G. Steinmetz. Martha S. Duffield, one of the daughters, claimed that the testator's will did not create a valid separate use trust, and that he therefore died intestate as to his personal estate. The auditing judge held that a valid separate use trust was created under the will for the share of the married daughters, and awarded Martha S. Duffield's share to a trustee for her.

The court in banc dismissed the exceptions to the adjudication. Martha S. Duffield appealed.

*Error assigned* was decree dismissing exceptions.

*William H. Peace*, for appellant.—Testator died intestate as to his personal estate. If the testator had limited the separate use to his real estate, it is submitted the court should not interpret the will by any forced construction, so as to embrace unmentioned property.

As to one third of the real estate there is as to the wife under the will, and the well known rules of construction, a fee.

The intent to create a separate use must be clear and beyond the reach of reasonable controversy: Morrison v. Dollar Saving Bank, 36 Leg. Int. 215; 2 Perry, Tr. sec. 647 ; Hill on Trustees, 611; MacConnell v. Wright, 150 Pa. 275.

As public policy does not favor restraints upon alienation, and as " the incidents of such an estate are peculiar and undesirable " (see Ringe v. Kellner, 99 Pa. 464), the burden is upon those claiming testator intended to create a separate use trust to show this by language clearly indicating such intent: MacConnell v. Wright, 150 Pa. 284.

*Henry James Hancock*, for Thomas Rutherfoord, assignee of Henry K. Steinmetz, one of the appellees, cited: Lightner's App., 11 W. N. C. 181 ; Quin's Est., 144 Pa. 454; Hitner v. Ege, 23 Pa. 305 ; Cochran v. O'Harn, 4 W. & S. 98; Chew v. Commissioners, 5 Rawle, 160 ; Hays v. Leonard, 155 Pa. 478 ; Stoolfoos v. Jenkins, 8 S. & R. 175.

OPINION BY MR. JUSTICE MITCHELL, May 20, 1895:

Although the testator's direction that his daughter's portion

of his estate should be held on a separate use trust, might seem on his literal wording of it, to depend on a contingency, yet his plain intent to the contrary appears from a view of his whole will together. He directs his real estate to be held "as at present, undivided, and unapportioned" during the life of his widow, and the interest of each child during that time is only in a share of the "net residue" of the income, after payment of taxes, necessary repairs, etc. This arrangement, as the testator calls it, is to continue during the life of his widow, and at her decease his "children shall do as they think best," i. e. as to a continuance of the arrangement, but should they "agree to a division of the estate" then the separate portions of the daughters "shall be separately secured to them and their use beyond the dictation of the husband of either of them." The purpose to create a separate use is thus clear, and where that is so, no particular form of words is necessary. The fact that it is directed on the happening of the contingency of the widow's death and the refusal of the children to continue the joint arrangement, is no more than a direction to put the trust into form when it may become necessary. So long as the estate was held together on the trust to collect and distribute the revenue a formal separate use was not necessary, the daughters got only their shares of net income without it, but when the estate was to be divided so that the daughters' shares should come to them in severalty, freed from the first administrative trust, then the separate use would be required and was directed to be made. The contingency specified by the testator did not go to the creation of the separate use but to the time and occasion for putting it into formal execution.

The claim that the widow took a fee in one third of the realty cannot be sustained. The whole estate is left in an active trust to keep it together, collect rents, make repairs, pay incumbrances, etc., "as though I myself acted in the premises," and the widow was to get one third of the residue, that is, of the net income. Not only is this all that is given in terms to the widow, but the direction that after her death the joint administration of the whole may be continued by the children, or in case they determine to make partition, the daughters' portions shall be put in separate use trust, shows that it is all the testator intended to give.

Decree affirmed.