# Daniel Steinmetz's Estate.   William B. Cobb's Appeal.

*Will—Trusts—Separate use trust—Married women—Power of alienation.*

A testator, by his last will, and testament, having created two trusts, first, for the management and administration of his whole estate, undivided, and the distribution of the net income during his widow's life, and as much longer as the children should agree to continue that arrangement; and secondly, on the severance of the joint management, a separate use trust for his daughters, it was held that his intention was to exclude the husbands of his daughters from both trusts: Steinmetz's Estate.   (Next preceding case.)

Where such separate use trust is created for a married daughter and no power of alienation is given by the instrument creating the trust she cannot pass an estate by will, and the devising of such estate to her husband is invalid.

The acts of 1848 and 1887 apply only to the common law rights of married women over their separate estates at law, and not to trusts in equity for their separate use which are subject to the same rules of equity as heretofore.

Argued Jan. 31, 1895.   Appeal, No. 251, Jan. T., 1895, by William B. Cobb, from decree of O. C. Phila. Co., April T., 1891, No. 185, dismissing exceptions to adjudication.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to adjudication.

The material portions of the will and some of the facts appear in Steinmetz's Estate (next preceding case.)

The daughter Emma M. was at the time of the will married to the appellant, William B. Cobb.   She died during the lifetime of her mother, leaving a last will, by which she devised all her property, real and personal, to William B. Cobb.

Cobb claimed that his wife died seized of a vested estate in her father's realty, subject only to the life estate of the widow, and that the same passed to him under his wife's will; or if it did not so pass, that he was entitled to the same as tenant by the curtesy.

The auditing judge held that Mrs. Cobb had no power to devise her share; that by reason of her death during the lifetime of the life tenant, she was seized of no estate in which

her husband took any interest by curtesy; and that the other devisees were entitled to divide among themselves the whole proceeds. The court in banc dismissed the exceptions filed by Mr. Cobb.

*Error assigned* was decree dismissing exceptions.

*John G. Johnson*, for appellant.—As the contingency upon which a trust was to arise of the share of Emma M. Cobb did not occur prior to her death, her share was never held in trust.

The devise by Emma M. Cobb to her husband of her interest in the real estate of her father vested in him her equitable fee simple: Lancaster v. Dolan, 3 Johns. Ch. 113; Thomas v. Folwell, 2 Whart. 16; Jones's App., 57 Pa. 372; MacConnell v. Lindsay, 131 Pa. 485; Hays v. Leonard, 155 Pa. 478; act of June 3, 1887, P. L. 332; act of April 11, 1848, P. L. 536; 2 Perry on Trusts, 257; Bispham's Eq. 151; act of April 8, 1833, P. L. 249.

The daughters of Steinmetz as to two thirds his estate were subject to no life estate of their mother. The husband took an estate by curtesy therein.

*Henry James Hancock* for *James Rutherfoord*, assignee of *Henry K. Steinmetz*, one of the appellees.

OPINION BY MR. JUSTICE MITCHELL, May 20, 1895:

In Steinmetz's Estate, Duffield's Appeal, opinion filed herewith, it was held that the testator's intent was to secure the shares of his daughters to their separate use, and that the contingency of the widow's death and the partition by the children, of the common estate, did not go to the creation of the separate use but to the time and occasion for putting it into formal operation. The testator created two trusts by his will, first, for the management and administration of his whole estate, undivided, and the distribution of the net income, during his widow's life and as much longer as the children should agree to continue that arrangement, and secondly, on the severance of the joint management, a separate use trust for his daughters. His intention to exclude the husbands of his daughters covered both situations. Under the first trust the husbands had no control, because the daughters were only entitled to their shares of the net income.

In the second situation a formal separate use was established. As the intent to exclude the husbands in both cases is therefore clear, and as that is all that is required, the interest of Mrs. Cobb in her father's estate from the time of his death must be treated as a present interest in net revenue only, and a remainder in fee subject to a separate use trust, and whether her death occurred during the prior life estate of the widow, or after its termination made no difference in the substance but only in the form of the trust, and of her control over the property.

We have therefore the question whether in the absence of express authority given by the instrument creating the trust, a married woman can pass such an estate by will. It has been argued with great force that as the remainder is in fee simple, and the restriction of alienation is in derogation of an essential incident of that estate, it should not be carried beyond the extent actually necessary to reach the end equity has in view,— the protection of the wife from the influence as well as the power of her husband,—and that does not go beyond her life.

The question however is no longer open. It is perhaps somewhat notable that a principle of so much practical importance in its results and of such frequent occurrence should be so little discussed in the case which first decided it, Thomas v. Folwell, 2 Whart. 11, where the conclusion was stated rather briefly as a necessary corollary of Lancaster v. Dolan, 1 R: 231. The latter case however, one of the landmarks in Pennsylvania law, had been decided only a few years before, and the professional mind was so filled with it, controversially and otherwise, that probably a brief reference to it was considered all that was necessary.* Notwithstanding the brevity of the discussion however, Thomas v. Folwell has been followed uniformly from Stahl v. Crouse, 1 Pa. St. 111, down to Quin's Estate, 144 Pa. 444, and is not now to be questioned. Whether in view of the present statutory powers of a married woman to make a will, the reasoning of Thomas v. Folwell would now lead us to the same conclusion if the question were new, is not mate-

---

* The intensity of professional feeling on the subject is illustrated by Horace Binney who, writing thirty years after, says, " It has taken more than one act of assembly to patch the hole in the law that was made by Lancaster v. Dolan, and it is not well patched yet: " Leaders of the Old Bar, p. 59.

rial, as the cases are clear that the acts of 1848 and 1887 apply to the common law rights of a married woman over her property, not to trusts in equity for separate use : McConnell v. Lindsay, 131 Pa. 476.

Decree affirmed.