# Shields, Appellant, *v.* McAuley.

*Trusts and trustees—Separate use trusts—Married women—Devise— Will.*

A devise to a married woman of real estate "to be held and used by her free from the control of her husband, and as her separate estate," creates a sole and separate use in the devisee, and she has no power to dispose of her interest to another.

Argued Nov. 10, 1902. Appeal, No. 194, Oct. T., 1902, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1902, No. 860, dismissing bill in equity in case of Helen D. Shields and Thomas L. Shields v. James G. B. McAuley. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance.

From the record it appeared that Helen D. Shields is a daughter of William Dickinson, who was a resident of the state of Massachusetts, and died there, having made his last will, by which he provided as follows : " Item 5th : All the rest and residue of my real estate or personal property I give and bequeath to said Mary W. Dickinson, Helen D. Shields (to be held and used by her free from the control of her husband, and as her separate estate), Samuel F. Dickinson and George Stewart Dickinson, each to have one fourth part thereof, share alike, and their children in the case of the death of either to have the share of the parent."

William Dickinson died September 6, 1887. Mary W. Dickinson is the mother, and Samuel F. Dickinson and George Stewart Dickinson are the brothers of Helen D. Shields, who at the time of the death of her father was and still is the wife of Thomas L. Shields, the other complainant.

On September 15, 1902, an agreement was entered into between the complainants and the defendant for an exchange of properties. When the title came to be examined objection was made by McAuley to the title offered him on two grounds: first, that the estate of Helen D. Shields was at most an equitable estate in fee, for her separate use, which she and her hus-

band could not dispose of by their own volition, but could only dispose of under the Price Act of the State of Pennsylvania; second, that even though this were not so, inasmuch as the will provided that the children of Helen D. Shields in case of her death were to have the share of the parent, that this provision did not relate to the date of the death of the testator, but that Helen D. Shields took a base fee, liable to be reduced to a life estate by the birth of children at any time subsequent to the date of the death of the testator.

SHAFER, J., filed the following opinion:

The bill is for specific performance of a contract for the exchange of land and the cause was heard on bill and answer.

The controversy between the parties arises from the interpretation of a clause in the will of William Dickinson, deceased, whereby he gave to Helen D. Shields, one of the complainants, and others, each a one-fourth interest of the lands in controversy, the gift being followed by the words, " and their children in the case of the death of either to have the share of the parent." The will also provides that the share of the complainant, Helen D. Shields, is " to be held and used by her free from the control of her husband and as her separate estate." The contention of the defendant is that the deed of the complainant, Helen D. Shields, is not sufficient to convey a marketable title in fee simple in her one fourth of the land. First for the reason that the will creates a sole and separate use in her without giving her any power of disposing of her interest, and further, that the provision that her children shall take in case of her death reduces her share to a life estate only.

As to the first of these contentions we are clearly of the opinion that the interest of Mrs. Shields is held by her as a sole and separate use, and that she cannot dispose of the same by deed or otherwise. As to the second, we are equally clear that the will devised the land to her in fee simple; that her children can have no interest in the property, for the reason that the clause above stated in regard to the children having the property in case of her death, refers to the contingency of her death before the death of the testator himself. It is the uniform rule in this state, for which it is not necessary to cite authority, that a clause in a will directing what shall be done with the

property in case the devisee shall die without children or die without issue, or other such contingency, in the absence of anything in the will to indicate the contrary, is always deemed to refer to a death without children or without issue before the death of the testator. In that case the words may be fairly capable of two interpretations; either referring them to the death of the testator before that of the devisee or to the death of the devisee without leaving children, and it would be possible for neither of these contingencies to happen. In the present case the contingency is not the death of the devisee before that of the testator. There is no contingency at all, as the devisee is sure to die at sometime, and the words would therefore be practically without meaning.

For the reason first assigned, however, the bill must be dismissed. Let a decree be drawn dismissing the bill at the cost of the plaintiff.

*Error assigned* was decree dismissing the bill.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.— The burden of proof is upon those claiming the creation of a separate use to show it by language clearly indicating such items: MacConnell v. Wright, 150 Pa. 275.

Even if the estate devised was a separate use estate, the will could not have that effect either in Massachusetts, the domicil of the testator, or in Pennsylvania, where the land lies: Richardson v. Stodder, 100 Mass. 528; Dubs v. Dubs, 31 Pa. 149; Johnson v. Fritz, 44 Pa. 449; Ege v. Medlar, 82 Pa. 86; Rank v. Rank, 120 Pa. 191; Hays v. Leonard, 155 Pa. 474; MacConnell v. Lindsay, 131 Pa. 476; MacConnell v. Wright, 150 Pa. 275.

*R. T. M. McCready*, for appellee, cited as to separate use or absolute fee: Scott v. Bryan, 194 Pa. 41; Lewis v. Bryce, 187 Pa. 362; MacConnell v. Wright, 150 Pa. 275.

PER CURIAM, January 5, 1903:
Judgment affirmed on the opinion of the court below.