# Van Blunk Estate.

*Wills—Trusts and trustees—Separate use trust.*

1. A devise of real estate to a niece, naming her, and describing her as the wife of a husband designated by name, "her heirs and assigns forever, for her sole and separate use, free and discharged from any and all control of her said husband or of any curtesy of other interest therein on part of her said husband," creates a valid separate use trust in the niece.

2. The trust, in such case, is not affected by a subsequent provision of the will to the effect that if testator sold the real estate in his lifetime, the niece should take a sum equal to the proceeds thereof.

Argued October 5, 1922. Appeal, No. 54, Jan. T., 1923, by Catharine Welbank and Joseph P. Bartilucci, trustee, from decree of O. C. Phila. Co., Jan. T., 1919, No. 437, dismissing exceptions to adjudication in estate of Francis C. Van Blunk, deceased. Before Mosch-zisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Exceptions to adjudication by Gest, J. (1 D. & C. R. 419).

Exceptions dismissed. Catharine Welbank, devisee, and Joseph P. Bartilucci, trustee, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Theo. Cuyler Patterson,* for appellants.

No printed brief for appellee.

Per Curiam, January 3, 1923:

The question before us is, Did testator create a sole and separate use trust for the person named in the devise quoted below? The orphans' court held that he did, and this appeal followed.

Notwithstanding the interesting argument of counsel for appellant, we are not convinced of error; the decree is affirmed on the following excerpts from the opinion of the auditing judge: "Francis C. Van Blunk died on April 18, 1918, leaving a will, by the third paragraph of which he provided: 'I give and devise unto my niece, Catharine Welbank, wife of Charles Welbank, her heirs and assigns forever, for her sole and separate use, free and discharged from any and all control of her said husband, and of any curtesy or other interest therein on the

part of her said husband, my house and lot of ground
No. 1623 South Broad Street, Philadelphia......In
event of my selling or disposing of my said house in my
lifetime, then, in lieu thereof, I give and bequeath unto
my said niece, absolutely, a sum equal to the price or
sum for which I shall have sold or disposed of it.'

"Catharine or Kathryn E. Welbank is living, and is
the wife of Charles T. Welbank, who is also living.

"By a decree of [the orphans' court] entered Novem-
ber 28, 1921, Joseph P. Bartilucci was appointed trustee
for Catharine Welbank, of premises 1623 South Broad
Street, and was authorized to sell the same to Peter
D'Ambrosio for $12,500, in accordance with the pro-
visions of the Revised Price Act, which decree was duly
complied with, and this account is filed of the proceeds
of sale.

"Mr. [Theodore Cuyler] Patterson, in behalf of Mrs.
Welbank, asked that the fund should be awarded to her.
The devise contained in the will of the testator is to
'Catharine Welbank, wife of Charles Welbank, her heirs
and assigns forever, for her sole and separate use, free
and discharged from any and all control of her said
husband and of any curtesy or other interest therein on
the part of her said husband,' which are apt words for
the creation of a married woman's sole and separate use
[trust]. Mr. Patterson called attention to the further
provision of the third paragraph, in which the testator,
in case he should sell this real estate in his lifetime,
bequeathed to Mrs. Welbank, absolutely, a sum equal
to the price received, [also to] certain other provisions
in the will for devisee's benefit, which are absolute in
their nature......[and] argued that, from the whole
tenor of the will, the testator did not intend to subject
this devise to a trust by the mere employment of the
technical words 'sole and separate use.' [The court be-
low thought otherwise, saying, particularly as to the
matter in the third paragraph, above referred to:] It
need only be added that the bequest to Mrs. Welbank of

the proceeds of sale, if such sale were made by the testator himself, has manifestly no effect upon the specific devise of the property where no such sale has been made, and the absence of an appointment of a trustee for Mrs. Welbank is immaterial, for it is the duty of the court to protect her separate use by appointing a trustee as was done in this case........Clearly the trust continues during the coverture of Mrs. Welbank, and the fund must be retained by the accountant as her trustee."

The decree is affirmed; costs to be paid out of the fund.