## Palmer's Estate.

*Wills—Construction—Gifts to married women for separate use.*

A legacy to a married woman for her sole and separate use gives her an absolute interest, except in so far as her use of the fund is restrained to protect her from the influence of her husband, and on her death her personal representative is entitled to the fund as distinguished from the testator's residuary legatees.

Exceptions to adjudication. O. C. Phila. Co., April T., 1882, No. 274.

HENDERSON, J., Auditing Judge.— . . . The trust in this estate arose under the will of Harriet R. Palmer, who died April 8, 1882, whereby, *inter alia*, she provided as follows:

"Item 4. I give and bequeath to Mrs. Emma Robinson, wife of Joseph Robinson, of Camden, New Jersey, and to her sister, Mrs. Anna Keim, wife of John S. Keim, of Philadelphia, each one thousand dollars ($1000) for their sole and separate use respectively."

The fund accounted for is the $1000 bequest to Emma Robinson, which has been held by the accountant as trustee for her sole and separate use.

Emma Robinson died Nov. 2, 1926, being survived by her husband, Joseph Robinson, and a daughter, Bertha R. Young, her sole next of kin. She left a will, probated at her domicile in Atlantic County, New Jersey, whereof Bertha R. Young is executrix.

Counsel, on behalf of the personal representatives of Rev. John King Dunn, deceased, residuary legatee under the will of Harriet R. Palmer, contended that Emma Robinson had but an equitable life estate in the $1000 trust fund, and that the remainder, being undisposed of, passed under the residuary clause of the will.

Palmer's Estate.

A separate-use trust may be attached to an absolute estate, and it will not alter or impair the incidents of the estate except to the extent of suspending the power of alienation: Steinmetz's Estate, 3 Dist. R. 440, 168 Pa. 175; Faries's Appeal, 23 Pa. 29.

In Williams's Estate, 29 Dist. R. 233, this court authorized the expenditure of principal of such a trust for the maintenance of the cestui que trust, who was aged and infirm.

Equitable estates descend in the same manner as legal estates: Van Rensselaer v. Dunkin, 24 Pa. 252; in which case it was held that a gift of income, unlimited as to time, to a married woman for her sole and separate use was equivalent to a gift of the property itself, and upon her death it passes to her personal representative. This case effectually disposes of the contention that an absolute gift is cut down to a life estate by attaching to it a separate-use trust.

I will award the trust fund to the executrix of the deceased cestui que trust, at the audit of whose account it may be determined whether the fund is subject to the payment of her debts, and distribution made to the parties entitled to her estate. The further question may then be determined, under Dallett v. Taggart, 223 Pa. 180, and cases therein cited, whether the cestui que trust had power to dispose of the fund by her will, or whether it passes to the parties entitled under the intestate laws of her domicile.

John Russell, Jr., for exceptions.

Sydney G. Gest and Robert T. McCracken, contra.

VAN DUSEN, J., Dec. 30, 1927.—Testator's will provided:

"Item 4. I give and bequeath to Mrs. Emma Robinson, wife of Joseph Robinson, of Camden, New Jersey, and to her sister, Mrs. Anna Keim, wife of John S. Keim, of Philadelphia, each one thousand dollars ($1000) for their sole and separate use respectively."

This sum was awarded to a trustee appointed for the purpose to hold for the separate use of Mrs. Robinson (Kiefaber's Estate, 8 D. & C. 231; Van Blunk's Estate, 275 Pa. 589). The latter has now died leaving a will probated in New Jersey. The Auditing Judge awarded the fund to the New Jersey executrix, on the settlement of whose accounts it would be determined whether such fund was liable for the debts of the beneficiary, and whether she had power to dispose of it by will, or whether it passes to the parties entitled under the intestate laws of her domicile. Exceptions are filed by the residuary legatees of the creator of the trust, claiming that the effect of the separate use was to cut the apparent absolute estate down to a life estate.

The contrary was established in Faries's Appeal, 23 Pa. 29; Van Rensselaer v. Dunkin's Executors, 24 Pa. 252; Dubs v. Dubs, 31 Pa. 149; Rank v. Rank, 120 Pa. 191. In Van Rensselaer v. Dunkin there was a gift of income only, and yet it was held that the married woman impliedly took a fee, under a well-known principle, in spite of the separate use. When we notice that the successful claimants in those cases were the persons entitled to the married woman's estate in case of intestacy, including the husband as tenant by the curtesy, we are prepared to understand the cases which have misled the exceptants, viz., Steinmetz's Estate, 168 Pa. 175; Dallett v. Taggart, 223 Pa. 180.

In those cases the unsuccessful parties claimed as devisees under the married woman's will, and they failed because of the well-settled Pennsylvania rule that the beneficiary of a separate-use trust has no power during coverture to dispose of the fee by will (unless the trust gives such power), though

Palmer's Estate.

she owns the fee and it descends as her property. The purpose is to protect her from the influence of her husband: Lancaster v. Dolan, 1 Rawle, 231; Thomas v. Folwell, 2 Whart. 11. To this extent she is under the disability of a married woman at common law, as the Married Woman's Enabling Acts do not apply to property held for separate use: MacConnell v. Lindsay, 131 Pa. 476.

Her executor, however, is still her personal representative, entitled to receive this portion of her personal property like any other, though the will may be ineffective to dispose of it.

The exceptions are dismissed and the adjudication is confirmed absolutely.

HENDERSON, J., did not sit.