## Souder's Estate.

*Will—Trust and trustees—Separate use trust.* ·

Testator gave the interest on the sum of $3,000 to his daughter "for her sole and separate use," not to be subject to the debts or control of her husband or any other husband she might have. He further directed as follows : "Upon the death of my said daughter, the said principal sum of three thousand dollars and all interest due thereon shall be paid to her legal issue, and descendants if she leaves any, according to the present intestate laws of this state, as if she were absolutely possessed thereof, and died intestate, single and unmarried; . . . . and in case she dies leaving no legal issue or descendants then the said principal sum and interest due thereon, . . . . shall descend and be paid to, and I give and bequeath the same unto her brothers and sisters in equal shares and parts according to the intestate laws of Pennsylvania, as if it had been a bona fide absolute estate and she had died possessed thereof, intestate and unmarried." In another clause the testator for purposes of distribution among his other children threw all of his estate into hotchpot, except the share previously bequeathed to his daughter. *Held*, that the daughter took a life estate only, and upon her death without issue the fund upon which the interest was bequeathed to her went to her brothers and sisters.

Argued May 21, 1902. Appeal, No. 144, Jan. T., 1902, by the Union Trust Company, from decree of O. C. Lancaster Co., Feb. T., 1902, No. 8, overruling exceptions to report of auditor in estate of Christian Souder, deceased. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of Owen P. Bricker, Esq., auditor.

From the auditor's report it appeared that Christian Souder died in 1870, leaving a will by which he directed as follows:

"23d item. I give and bequeath unto my daughter, Barbara, now the wife of Joseph Summers, the interest at 5 per cent. per year upon the sum of three thousand dollars ; of the said principal sum, I hereby charge and make a lien of one thousand dollars upon the lands and real estate herein devised to my son, Henry Souders ; one thousand dollars upon the lands and real estate herein devised to my son, David Souders, and one thousand dollars upon the lands herein devised to my son, Peter Souders. The interest money being fifty dollars a year to be paid by each of my three sons and their respective heirs

and assignees of the real estate devised to them, to be paid in half yearly payments of twenty-five dollars each on every first day of April and October, making seventy-five dollars every six months. And the said interest money shall be paid unto my said daughter, Barbara, into her hands, and for her sole and separate use, and on her separate receipt, or to her order in writing, signed by herself, and in the presence of, and signed by one or more respectable witness or witnesses, so that and to the end and intent that the said interest, nor any part thereof, shall in any wise be subject or liable to the debts, power, control or interference of her said husband, or any other husband she may hereafter have or take. And upon the death of my said daughter, Barbara, the said principal sum of three thousand dollars and all interest due thereon shall be paid to her legal issue, and descendants if she leaves any, according to the present intestate laws of this state, as if she were absolutely possessed thereof, and died intestate, single and unmarried, subject nevertheless to the payment of her debts and funeral expenses, if she does not leave of her own bona fide estate sufficient for those purposes, and in case she dies leaving no legal issue or descendants, then the said principal sum and interest due thereon, or such part thereof as under the hereinafter provisions may be remaining at her death, shall descend and be paid to, and I give and bequeath the same unto her brothers and sisters in equal shares and parts according to the intestate laws of Pennsylvania, as if it had been a bona fide absolute estate and she had died possessed thereof, intestate and unmarried. But if by reason of sickness, old age or other infirmities, the said interest money, and any saving or accumulations thereof which she may make or may have made, shall not be sufficient for her maintenance and support, and nursing and medical attendance, then and in such case I authorize and direct my executors and the survivor of them and his successor to ask, demand, receive, receipt and release for any part or parts from time to time of the said principal sum, to be applied to her said wants and necessities ; or any of my said three sons, Henry, David and Peter may of the said sum of one thousand dollars charged upon their respective lands for that purpose, in such contingency, apply as much as may be necessary for that purpose, and they shall, of course, be liable for interest only on the balance of

the principal sum, and such balance of principal shall be paid and distributed as hereinafter provided as to the whole sum. The said interest moneys shall commence to run, accrue or begin on the next day after my death, and the first half-yearly interest to be paid in six months next after one day after my death. And the said one thousand dollars so charged on the lands devised to my son, Henry, when paid as aforesaid, be deemed, taken and counted as so much in part payment of the valuation of the said land as hereinafter mentioned. And in like manner the one thousand dollars so charged on the lands devised to my son, David, and the one thousand dollars so charged on the lands devised to my son, Peter, shall when paid be deemed, taken, and counted as so much in part payment of the valuation of the lands hereinbefore devised to them respectively."

"Item 28th. The amount of the valuation of my lands and real estate as hereinbefore mentioned, the proceeds of the sale of my personal estate not hereinbefore bequeathed, all my moneys, bonds, notes and book accounts, which may be recoverable and be collected, all advancements which I have made or may make to any of my children, except Barbara, including the said suretyship for my son Christian, and all other of my estate whatsoever, shall be added together, and from the whole or aggregate amount deduct the amount of my debts, funeral expenses and costs of settlement of my estate, and including the fifty dollars to be paid to my wife in one month after my death, and including what my executors must pay for my suretyship for my son Christian, and deducting also what any of my sons have paid me or may pay me on account of the lands devised to them, the balance or remainder will be the amount of my estate left for distribution including advancements, amongst my children; from that remainder deduct the three thousand dollars hereinbefore bequeathed to my daughter Barbara as her share of my estate, the balance then remaining will be the amount of my estate left for distribution amongst my other five children or their respective legal representatives, and I give and bequeath the said balance and remainder of my estate as follows, to wit: my son Peter and David and the children of my deceased daughter Elizabeth in right of their mother, shall have equal and like shares of my estate, and

my son Henry Souder, his heirs and assigns, shall have and be entitled to one thousand dollars less of my estate than either of my sons David and Peter and Elizabeth's children, and my son Christian Souder, his heirs and assigns, shall receive and be entitled to five thousand dollars less of my estate than either of my sons David and Peter and Elizabeth's children, and their respective heirs and assigns, and I give and bequeath the said balance and remainder of my estate to and amongst my four sons, Henry Souder, his heirs and assigns, and Peter Souder, his heirs and assigns, and Christian Souder, his heirs and assigns, and the four children of my deceased daughter Elizabeth, who was the wife of Jacob Hershey, to wit: Anna Hershey, Mary Hershey, Louisa Hershey and Christian Hershey, with shares, portions and proportions as above mentioned and set forth, the said four children of Elizabeth to receive amongst themselves, in equal shares, the share their mother would have received if living, the advancement to the said Elizabeth to be charged and counted to her said children as so much in part of their share of my estate, the advancement to my sons to be charged and counted to them respectively as so much of their respective shares of my estate."

Barbara Summers survived her husband, Joseph Summers, and died on March 23, 1901, testate and without issue. The auditor awarded the fund of $3,000, referred to in item 23 of the will, to testator's other children or their representatives, holding that Barbara took merely a life estate in the fund. The court in an opinion by SMITH, P. J., overruled the exceptions filed by the executor of Barbara Summers.

*Error assigned* was in overruling exceptions to auditor's report.

*John M. Groff*, for appellant.—Testator's purpose was to create a trust for coverture and he clearly indicates his intention to protect the beneficiary from the acts of her then or any future husband. The fact that testator created a trust against a future husband cannot avail the appellees in this estate and can by no possibility extend this trust for coverture only to a life estate for Barbara Summers: Quin's Est., 144 Pa. 444;

Wells v. McCall, 64 Pa. 207; Yarnall's App., 70 Pa. 335; Snyder's App., 92 Pa. 504.

An active trust having no object for the benefit of the cestui que trust will not be continued for the mere benefit or pleasure of the trustee. The object of the donor having failed, the law will execute the trust: Koenig's App., 57 Pa. 352; Ogden's App., 70 Pa. 501.

If one clause of a will is capable of construction with the other and the general plan of testator for disposing of his estate, it is the duty of the court to adopt that construction: Jones v. Strong, 142 Pa. 496; Ferry's App., 102 Pa. 207; Sheetz's App., 82 Pa. 213; Deibert's App., 78 Pa. 296.

*D. McMullen, Appel & Appel, F. S. Groff, H. Frank Eshleman, Charles W. Eaby* and *Harnish & Harnish,* for appellee, were not heard.

OPINION BY MR. JUSTICE MITCHELL, June 4, 1902:

The will of Christian Souder undoubtedly created a separate use trust for his daughter, Barbara Summers, but it is equally clear that as to her the gift was for life only and the intent of the trust in part was to preserve the estate for her issue and in default of issue for the brothers and sisters as remainder-men. The language is clear and does not admit of any other construction. " Upon the death of my said daughter, Barbara, the said principal sum of the three thousand dollars and all interest due thereon shall be paid to her legal issue, and descendants if she leaves any, according to the present intestate laws of this state, as if she were absolutely possessed thereof, and died intestate, single and unmarried; . . . . and in case she dies leaving no legal issue or descendants, than the said principal sum and interest due thereon, . . . . shall descend and be paid to, and I give and bequeath the same unto her brothers and sisters in equal shares and parts according to the intestate laws of Pennsylvania, as if it had been a bona fide absolute estate and she had died possessed thereof, intestate and unmarried."

The concluding phrase, " as if it had been a bona fide absolute estate, and she had died possessed thereof intestate and unmarried," does not indicate any intention to limit the devise over to her death without issue while still covert. The devise

over is to be determined by the fact of death without issue, whether covert or discovert, and the other words are a mere description of the mode of distribution, " as if," etc., to emphasize the direction to distribute according to the intestate laws.

There is nothing in the 28th section of the will to interfere with this manifest construction of the 23d section. By the 28th section the testator for purposes of distribution among five other children threw all of his estate into hotchpot except the share previously bequeathed in trust for Barbara. This has no bearing on the quantum of her estate, for it is as consistent with the intent to preserve it for the remainder-men after her death as with any other purpose. The claim of her executor was therefore properly refused.

The numerous other questions raised in the court below are not before us.

Appeal dismissed.