# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Murray *v.* Lowrie, Appellant.

*Will—Separate use trust—Estate in fee simple—Codicil.*

Testator by his will gave an estate in fee simple to his daughter. By a codicil he directed as follows: "It is my will and I hereby direct that any and all interests my said daughters or either of them may take in my estate shall inure to them free from any and all liabilities of the debts of any husband either of them may now have or hereafter take and likewise free from the control of such husband." *Held*, that the estate in fee simple given by the will was not cut down to a separate use trust by the codicil.

Argued Nov. 9, 1903. Appeal, No. 180, Oct. T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1903, No. 171, for plaintiff on case stated in suit of John S. Murray and Catherine M. Murray v. A. L. Lowrie. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the marketability of real estate.

The question at issue was whether Catherine M. Murray had under her father's will an estate in fee simple which she could convey. The provisions of the will are quoted in the opinion of the Supreme Court.

The court entered judgment for plaintiff on the case stated in the sum of $11,666.06.

*Error assigned* was the judgment of the court.

*Ralph Longenecker,* for appellant.—Mrs. Murray had only a separate use trust: Lewis v. Bryce, 187 Pa. 362; Keating v. McAdoo, 180 Pa. 5; Jamison v. Brady, 6 S. & R. 466; Perry v. Boileau, 10 S. & R. 208; Snyder v. Snyder, 10 Pa. 423; Rigler v. Cloud, 14 Pa. 361; Shields v. McAuley, 205 Pa. 45; Samson's Estate, 22 Pa. Superior Ct. 93.

The trend of the decisions is in favor of upholding and enforcing sole and separate use trusts as strongly as, if not more so than, before the passage of the married woman's acts: MacConnell v. Lindsay, 131 Pa. 476; Hays v. Leonard, 155 Pa. 474; Holliday v. Hively, 198 Pa. 335.

A feme covert as to her separate estate has no power of disposition or control beyond that which is conferred upon her in the instrument creating the trust, and this will be strictly construed: MacConnell v. Lindsay, 131 Pa. 476; Steinmetz's Estate, 168 Pa. 175; Scott v. Bryan, 194 Pa. 41.

*John P. Hunter,* with him *George D. Riddle,* for appellees. —The court will examine the surrounding circumstances in ascertaining the intent to create a separate use trust: MacConnell v. Wright, 150 Pa. 275.

Under the terms of the will a separate use trust was not created; 1 Greenleaf on Evidence, sec. 287; MacConnell v. Wright, 150 Pa. 275; Ringe v. Kellner, 99 Pa. 460; Rank v. Rank, 120 Pa. 191; Morrison v. Dollar Savings Bank, 36 Legal Int. 215.

An absolute gift cannot be cut down to a lesser estate through mere interpretation of doubtful language: Lloyd v. Mitchell, 130 Pa. 205; Hoeveler v. Hune, 138 Pa. 442; Gillmer v. Daix, 141 Pa. 505; McCormick v. McElligott, 127 Pa. 230.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:

After making several bequests, R. B. Mowry, by the eleventh clause in his will, gave his daughter, Catherine M. Murray, one seventh of his estate in fee simple. The provision in his codicil, by which the appellant contends this estate was cut down to a separate use trust, is: "It is my will and I hereby direct that any and all interests my said daughters or either of them may take in my estate shall inure to them free from any and

all liabilities of the debts of any husband either of them may now have or hereafter take and likewise free from the control of such husband."

Without the words in the codicil, the interest of Mrs. Murray in her deceased's father's estate would have passed to, her free from any liability for the debts of her husband and free from any control by him over it. Since the act of 1848 a devise in fee simple to a married woman passes to her an absolute estate, free from liability for her husband's debts and his control over it, unless she sees fit to so subject it. The testator was not a lawyer, and, though an intelligent man, as we may fairly gather from his will, written by himself, he may not have known that nothing more was needed than the absolute devise to his daughter to preserve what he gave her from the debts and control of her husband; and, out of abundant caution, he may have deemed it necessary to add the clause in the codicil. If his intention to lessen the absolute estate to a separate use and to deprive his daughter of the power of alienation could be gathered from other portions of his will, we might hold that the words in the codicil are appropriate and sufficient for that purpose. But no such intention appears, and the words, standing alone, have no other effect than to repeat the testator's intention to give his daughter a seventh interest in his estate, to her, "her heirs and assigns forever." No trust is even suggested in the will or codicil, and she took her interest in her father's estate subject only to her own control and disposal of it by deed, when joined by her husband. Ringe v. Kellner, 99 Pa. 460, is conclusive that the judgment of the court below was right. In that case the testator said: "It is also my will that my daughters shall have and hold their share of inheritance in their own name and shall not let it be controuled by their respective husbands, and the husbands shall not inherit it unless there is no child living;" and we held: "It will be observed that no use estate is given in words and no trust of any kind is created. Indeed, it is directed expressly that the property shall be held by the daughters in their own names, which excludes the idea of a trust. The direction that the husbands shall not control the estate, is simply an expression of the legal state of the title under the act of 1848, and the result would be precisely the same if these words were not

in the will. It would be straining the meaning of the last words of the clause very greatly indeed, to hold that they created the technical estate known as an estate for the sole and separate use of a married woman, with its peculiar and undesirable incidents. . . . We are clear, therefore, that the words of the clause of the will above quoted, and upon which alone the contention of the defendant is based, cannot operate to create an estate for the use of the daughters only." To the same effect is the later case of Bailey v. Allegheny National Bank, 104 Pa. 425.

The two cases upon which counsel for appellant seems to place great reliance are Keating v. McAdoo, 180 Pa. 5, and Lewis v. Bryce, 187 Pa. 362. In the first, the present chief justice did not even hold that a separate use trust had been created as to the personal property. What he said in holding that the devise of the real estate was a fee and not merely of a life estate, was, that the following words were sufficient to create a trust, if such was the testator's intention: " The estate which I have bequeathed to my said daughters, Rebecca and Martha, shall not be liable to the debts, nor subject to the control of their respective husbands ; " adding that, if any separate use trust was created, it was confined to the personal property. . That question was not before the court, and cannot be regarded as having been passed upon. In Lewis v. Bryce, the testatrix devised land to her three daughters, naming them, " during their lives, to be equally divided between them under the condition that they shall hold the same exclusively and free from all control of their husbands or any of them ; said property to descend and be inherited by said daughters' children and their heirs forever." It was decided that the daughters took an estate for life only, and, after so holding, it is true, our late Brother McCOLLUM did add, that a separate use trust had been created for the daughters, relying expressly upon the following authorities: MacConnell v. Lindsay, 131 Pa. 476 ; MacConnell v. Wright, 150 Pa. 275 ; Hays v. Leonard, 155 Pa. 474; and Keating v. McAdoo, 180 Pa. 5. We have just shown that the last case has been misunderstood, and the other three cannot be regarded as authority for what appears in Lewis v. Bryce. In MacConnell v. Lindsay and MacConnell v. Wright the testatrix devised " absolutely and in fee

simple, . . . . free from the control of her present or future husband, and without any liability for any debts, liabilities or engagements of such husband, but wholly for her own use and benefit, and subject to her own control;" and, in Hays v. Leonard, the devise was, " to have and to hold the said premises with the appurtenances to her sole and separate use, free from the interference or control of her husband, and to her heirs and assigns forever."

The judgment in this case must be, and therefore is, affirmed.