## Gilbert's Estate.

*Wills—Construction—Trusts and trustees—Separate use trust—Sufficiency of words.*

A devise in a will of all the residue of an estate to three daughters "to their and each of their heirs, executors and assigns, to be for their and each of their support and maintenance, notwithstanding any coverture, and not to be in any manner liable for the contracts, debts or engagements, or subject to control of any of their said husbands," creates a separate use trust for one of the daughters who is at the time of the execution of the will in contemplation of marriage.

Argued Jan. 6, 1911. Appeal, No. 206, Jan. T., 1910, by Laura A. Davis, from decree of O. C. Phila. Co., Jan. Term, 1887, No. 378, dismissing petition of Laura A. Davis for revocation of the appointment of the Commonwealth Title Insurance Company as Trustee, in the Estate of Josiah Gilbert, deceased. Before Fell, C. J., Brown, Mestrezat, Potter, Stewart and Moschzisker, JJ. Affirmed.

Petition for revocation of an appointment as trustee. Before Penrose, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in dismissing the petition.

*Frederick J. Shoyer*, with him *Henry Arronson*, for appellant.—The question whether the testator has created a separate use trust estate is always one of intention, but the burden is upon those claiming that he intended to create a separate use trust estate to show this, by language clearly indicating such intent: MacConnell v. Lindsay, 131 Pa. 476; Morrison v. Dollar Savings Bank, 36 Leg. Int. 215; Rank v. Rank, 120 Pa. 191; Ringe v. Kellner, 99 Pa. 460; Todd's App., 24 Pa. 429.

The failure to name a trustee, is an element to be taken into consideration: Todd's App., 24 Pa. 429; Murray v. Lowrie, 208 Pa. 1; Chadwick v. Stroud, 27 Pa. C. C. Rep. 393; McClelland v. Floyd, 52 Pitts. L. J. 163.

The creation of a sole and separate use trust estate being a question of intent, other cases of construction of wills may assist but not control in the conclusion to be reached in this one. It is to be observed that the same judge who delivered the opinion in Murray v. Lowrie, 208 Pa. 1, delivered the opinion in Holliday v. Hively, 198 Pa. 335, and it is impossible to reconcile the opinions in the two cases, with reference to the propositions enunciated by Haines v. Ellis, 24 Pa. 253, and Ringe v. Kellner, 99 Pa. 460, and Bailey v. Allegheny National Bank, 104 Pa. 425.

*T. Walter Gilkyson*, with him *Martin H. Stutzbach* for appellee.—The burden is upon the appellant to show that in presenting her petition for a trustee she was clearly mistaken, that the will of her father did not create a separate use trust, and that the court should not have appointed a trustee. The question whether or not a separate use trust was created depends solely on the intent of the testator as expressed in his will: Scott v. Bryan, 194 Pa. 41; Wilbert's Est., 166 Pa. 113; Pierce v. McKeehan,

3 W. & S. 280; Jamison v. Brady, 6 S. & R. 465; Wilson v. Bryn Mawr Trust Co., 225 Pa. 139.

Technical words such as "sole," "separate," "own" or "exclusive" are not necessary for the creation of a separate use trust: Heck v. Clippenger, 5 Pa. 385; Steinmetz's Est., 168 Pa. 171; Scott v. Bryan, 194 Pa. 41; Berg's Appeal, 166 Pa. 113.

The naming of a trustee or an express gift "in trust" is not necessary: MacConnell v. Lindsay, 131 Pa. 476; Wright v. Brown, 44 Pa. 224.

The fact that an estate in fee is granted is immaterial in determining whether or not a separate use trust has been created: Steinmetz's Est., 3 Pa. Dist. Rep. 440; Wilbert's Est., 166 Pa. 113.

Opinion by Mr. Justice Potter, February 27, 1911:

The question presented by this appeal, is whether a devise of all the residue of an estate to three daughters, "to their and each of their heirs, executors and assigns, to be for their and each of their support and maintenance, notwithstanding any coverture, and not to be in any manner liable for the contracts, debts or engagements, or subject to control of any of their said husbands," creates a separate use trust for one of the daughters, who is at the time of the execution of the will, in contemplation of marriage.

In the opinion of the orphans' court, the language employed by the testator makes the exclusion of the marital rights of the husband a part of the gift to the daughter, and this appears so clearly that the validity of the trust must follow. When the purpose to create a separate use trust is clear, no particular form of words is necessary: Steinmetz's Est., 168 Pa. 171; Scott v. Bryan, 194 Pa. 41. Nor is it necessary that a trustee should be appointed, or active duties be imposed. It is only needful that the instrument clearly indicate the intention of the donor: MacConnell v. Lindsay, 131 Pa. 476, 482. Afterwards, in MacConnell v. Wright, 150 Pa. 275, it was held that when

the language of the will in question was read in the light of the surrounding circumstances, the doctrine of the former case was inapplicable; but that the court stood by the doctrine of MacConnell v. Lindsay clearly appears from the opinion in Hays v. Leonard, 155 Pa. 474, 480.

That the court below was right in its construction of the will in the present case, we have no doubt. The language used impresses us as being quite sufficient to create a separate use trust. In Pennsylvania the estate subject to a separate use may be for life: Souder's Est., 203 Pa. 293; or it may be an absolute estate: Shields v. McAuley, 205 Pa. 45. The words of the will before us, after an absolute gift to testator's daughters, are: "to be for their and each of their support and maintenance, notwithstanding any coverture, and not to be in any manner liable for the contracts, debts or engagements, or subject to control of any of their said husbands." The following words have been held to create a separate use trust: "For her own use:" Jamison v. Brady, 6 S. & R. 465. "To and for the only proper use and behoof of:" Thomas v. Folwell, 2 Whart. 11. "To be for her and her family's use:" Heck v. Clippenger, 5 Pa. 385. "For her own proper use:" Snyder v. Snyder, 10 Pa. 423. "Wholly for her own use and benefit, and subject to her own control:" MacConnell v. Lindsay, 131 Pa. 476; approved in MacConnell v. Wright, 150 Pa. 275, as to the effect of the words standing alone, although, as noted above, in the light of extrinsic circumstances, it was held that a separate use trust was not created. We regard the words in the will of the testator, "to be for their support and maintenance" as being fully equivalent to those just cited, as "for their own use," and "for their own use and benefit," and the additional words "notwithstanding any coverture" make the intention of the testator to guard his daughter in the enjoyment of the estate he was providing for her, as clear as though he had used the technical expression "for her sole and separate use." Any other construction would ignore the manifest purpose of the testator in qualifying the absolute

gift to his daughter. Counsel for appellant cites and presses strongly upon us the case of Murray v. Lowrie, 208 Pa. 1, as authority against the construction adopted by the court below. But in addition to the point noted by Judge PENROSE, that the exclusion of the marital rights of the husband is here wrought into the very fiber of the gift to the daughters, there is the additional fact that in the language under consideration in Murray v. Lowrie, supra, there was nothing equivalent to "for their and each of their support and maintenance notwithstanding any coverture."

These English cases illustrate the question before us. In Darley v. Darley, 3 Atk. 398, an estate was given to a husband for the livelihood of his wife, and it was held that he was to be considered a trustee for her separate use. Lord Hardwick said (p. 399): "Technical words are not necessary to make it a separate trust, for the word livelihood is sufficient to show the intention of the giver that it should be for her sole and separate use." Livelihood of course has the same meaning as "support and maintenance." In Cape v. Cape, 2 Y. & C. Ex. 543, the words "support and maintenance" were construed. By a codicil to his will testator directed that a legacy of £300 should "be applied to the support and maintenance of the wife of my said son Henry and for the support and education of his children born in wedlock." There were no children at the date of the will or of testator's death. It was held by Baron Alderson (p. 546) that the wife took the legacy "absolutely to her separate use." In Lee v. Prieaux, 3 Bro. Ch. *381, it was held that (syllabus) a "legacy to a feme covert, 'her receipt to be a sufficient discharge to the executors,' is equivalent with saying 'to her sole and separate use.'" The master of the rolls refers (p. 318) to the words "notwithstanding her coverture" as sufficient to indicate an intention to create a separate use trust, and cites a manuscript case, Woodman v. Horsley, decided February 11, 1783, where the words "the wife's receipt shall be a sufficient discharge, notwithstanding

her coverture," were held to constitute a trust for the wife.

And in our own case of Winthrop Company v. Clinton, 196 Pa. 472, the syllabus reads: "Testator gave his estate to his executors to pay the net income to his wife 'into her hands for her separate use and maintenance during all the term of her natural life,' and after her decease to pay the net income to his son 'for his use and support for and during all the term of his natural life, and not to be liable to anticipation, and his receipt alone to be the sole discharge' to the trustees. There was a gift over after the son's death. Held, that a spendthrift trust was created in favor of the son."

While the question whether there was a separate use trust for the widow did not arise, Mr. Chief Justice GREEN said (p. 475–76): "We think it will hardly be contended that this provision in favor of the widow was not adequately protected against the claims of any creditors she might have. . . . The word 'maintenance,' in the wife's case, speaks for itself, and needs no interpretation." After considering various definitions of the word "support," the opinion holds that "maintenance" and "support" have the same meaning, and both indicate an intention to protect the estates given, in the case of the wife, by a separate use trust, and in that of the son, by a spendthrift trust.

In the present case, we are satisfied that the testator did intend to create a separate use trust for the benefit of his daughter. The assignments of error are dismissed, and the decree of the orphans' court is affirmed.