# Carman, Appellant, *v.* Bumpus.

*Trusts and trustees—Sole and separate use trusts—Creation of trust—Subsequent marriage—Revival.*

1. A married woman's sole and separate use trust can be created only for the benefit of a woman actually married or in immediate contemplation of marriage with a particular person at the creation of the trust.

2. A married woman's separate use trust falls on the termination of coverture and is not revived by a subsequent marriage, so as to exclude her surviving husband from a life interest in the real estate which was subject to the trust.

Argued January 13, 1914. Appeal, No. 242, Jan. T., 1913, by plaintiffs, from decree of C. P. No. 4, Philadelphia Co., March T., 1912, No. 2372, in Equity, dismissing bill in case of Ida Carman, Annie Grooms, Theodore Wimley, Samuel Wimley and Catharine Greenberg v. Fred I. Bumpus, Lionel Pisar, Jeremiah Butler, Edward McDonald and George W. Carson and John Carson, trading as George W. Carson & Son. Before Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Bill in equity for construction of will and decree restraining tenants from paying rent of demised premises to Fred I. Bumpus, one of the respondents, and for an accounting.

Carr, J., filed the following opinion:

This matter is upon bill, answer and proofs.

Prior to December 10, 1883, Wimley was the owner in fee of premises No. 929 Arch street, No. 747 North Uber street and No. 1402 North Camac street, and he made a conveyance of them to Atkinson by deeds absolute on their faces. Wimley died February 15, 1888, and a will provided inter alia as follows:

"All the rest, residue and remainder of my estate, real,

personal and mixed, of whatever kind or nature and wheresoever situate, I give, devise and bequeath unto my said daughter, Amanda Atkinson, her heirs and assigns forever. And I order and direct that my said daughter shall take, receive and hold all of the aforesaid bequests for her own sole and separate use, free and discharged from the control, debts or engagements of her present or any future husband, her own receipt for the same to be a full discharge to my executor therefor."

On or about March 8, 1894, Atkinson by writing acknowledged that he had held the properties in trust for Wimley. Atkinson died January 20, 1897, leaving surviving his widow, Amanda, the daughter of the decedent Wimley, referred to in the residuary clause of the will. Afterward, on May 13, 1898, she married Bumpus, one of the defendants in this suit, and later, upon July 26, 1911, she died, intestate and without issue, leaving her husband, Bumpus, surviving.

The plaintiffs in this suit are the surviving heirs at law of Wimley, deceased, and are also the surviving heirs at law of Amanda Bumpus, formerly Atkinson, except her husband, Bumpus. The other defendants are tenants or agents of the premises referred to.

The plaintiffs claim that they are entitled to the rents of the real estate since the death of Amanda Bumpus. The defendant, Bumpus, however, contends that upon the death of Atkinson, formerly the husband of Amanda, named as the residuary beneficiary under the will of Wimley, the sole and separate use clause in Wimley's will ceases to operate and the estate vested in her absolutely and the sole and separate use did not revive upon her subsequent marriage to him.

The conveyance in Wimley's will was to his daughter, Amanda, her heirs and assigns forever, but to this fee is added a clause of "sole and separate use, free and discharged from the control, debts or engagements of her present or any future husband, her own receipt for the same to be a full discharge to my executor therefor." It

became, therefore, the familiar sole and separate use trust, the executor being the trustee, and upon the death of Atkinson, it is well settled that the estate became freed from any separate use, for, when created, the later marriage with Bumpus was not in contemplation. Such provision to be effective must be made in immediate contemplation of marriage which is presently in view of the donor to take place with a particular person a short time after the instrument is to go into effect, and the marriage must be in immediate view when the trust is created, and on the termination of the coverture the trust falls and is not revived by a second marriage: Wells v. McCall, 64 Pa. 207. In Megargee v. Nagle, 64 Pa. 216, it was said that the statute executes the use upon discoverture is sustained by abundant authority. Citing cases from Smith v. Starr, 3 Whart. 62, to Dodson v. Ball, 60 Pa. 492. In Quin's Estate, 144 Pa. 444, it was again held that in Pennsylvania a separate use can be created only for the benefit of a woman actually married or in immediate contemplation of marriage with a particular person at the creation of the trust; and although effectual as respects the first marriage, it will not revive for her protection under a second marriage, and the decisions on the subject are reviewed by Mr. Justice CLARK.

The bill is dismissed, the complainants to pay the costs.

*Error assigned,* among others, was the decree of the court.

*C. W. Vanartsdalen,* for appellants.

*Thomas W. Jopson,* with him *Emil Rosenberger,* for Fred I. Bumpus, appellee.

PER CURIAM, February 9, 1914:
The decree is affirmed on the adjudication of the learned trial judge.