# Lawman's Estate.

*Wills—Probate—Codicil—Proof of contents—Evidence—Act of June 7, 1917, P. L. 403.*

1. Proof of a lost will or codicil is made out only by proof, by two witnesses, of execution and of contents, each of whom must separately depose to all the facts necessary to complete the chain of evidence, so that no link in it may depend on the credibility of one only.

2. The burden of proving a lost will or codicil is on the proponent, and in this case the proof of the execution of a codicil or will was met, but proof of its contents failed to meet the requirements of the act.

Argued October 11, 1921. Appeal, No. 78, Oct. T., 1921, by Mary E. Lawman, claimant as legatee, from decree of O. C. Allegheny Co., June T., 1919, No. 707, dismissing appeal from Register of Wills, in estate of Lenore Lawman, deceased. Before Moschzisker, C. J., Frazer, Walling, Kephart, Sadler and Schaffer, JJ. Affirmed.

Appeal from decision of register of wills refusing to admit to probate an alleged codicil. Before Miller, P. J., and Trimble, J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Mary E. Lawman, claimant as legatee, appealed.

*Error assigned,* among others, was decree, quoting it.

*Mary Elizabeth Lawman,* P. P.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

Appellant, Mary E. Lawman, is a daughter of Lenore Lawman, deceased; her endeavor in this proceeding is to have probated an additional codicil to her mother's will, which codicil she claims has been lost or destroyed, by some one other than the decedent.

Impressed by appellant's faith in her cause, we have most carefully read and fully considered the entire record, but find ourselves unable, under the law as it is written and has been construed, to bring about the result she seeks.

The testamentary papers probated as the final disposition of her property by Lenore Lawman consist of a will and codicil, the former dated February 24, 1916, the latter March 6th of the same year. Appellant's contention is that, in addition to these two papers, there was a second codicil executed by decedent (later in date than the one probated), which substantially increased the gifts made to her.

In the court below, appellant produced testimony to establish the execution of the alleged codicil and its contents. It was proven to the satisfaction of the trial judge, whose language we quote, "beyond question, that a will or codicil other than that which has been probated was executed," but when it came to adducing testimony to show what its contents were, appellant failed to meet the requirement of the statute, by producing "two or more competent witnesses" to verify its terms. One witness testified that testatrix said "If I don't wake up Mollie will get my voucher" (a payment of $325 a month made to testatrix under a trust) and "that she had left Mollie her voucher"; no other witness heard this statement. Another witness said testatrix told her "she had made her second will......Mollie was well provided for......could stop at any hotel or travel......would be rich," that she had left "more to her than to the other sisters......was well provided for." No witness corroborated this conversation. One of the subscribing wit-

nesses to the lost or destroyed codicil was dead and the surviving one was ignorant of what it contained. Passing the question, whether the foregoing language, even if proven by two witnesses, would be sufficient to dispose of anything, we are compelled to hold the requirement of the statute as to the quantity of proof has not been met. The testimony of appellant herself, even if she is a competent witness (Fallon's Est., 214 Pa. 584), does not aid in meeting the measure.

We have very recently had occasion to consider the proof essential to the probate of lost testamentary papers; speaking through Mr. Justice KEPHART, in language most apposite to the pending case, we said (Hodgson's Est., 270 Pa. 210) : "The attesting witnesses knew nothing of the contents of the will......There is a fatal hiatus in the evidence which avoids bringing it within the Wills Act of April 8, 1833, P. L. 249, section 6, reënacted in section 2 of the Wills Act of June 7, 1917, P. L. 403, requiring the contents of a lost will to be proved by the oath or affirmation of two or more competent witnesses, otherwise the will shall have no effect. Under the act, to establish a lost will, there must be proof, by two witnesses, not only of due execution, but of the contents, substantially as set forth in the copy offered for probate. Proof of a lost will is made out only by proof of execution *and of contents* by two witnesses each of whom must separately depose to all the facts necessary to complete the chain of evidence, so that no link in it may depend on the credibility of but one......When offered for probate, the will, or its substance, must measure up to the requirements fixed by laws: and here the legislature has laid its hand on the subject and directed the judicial course."

As the law is written, appellant fails to meet its requirements in her effort to prove the document she sets up; however we may sympathize with her in the situation with which she is confronted, it is our duty to administer the law as we find it.

The decree is affirmed at the cost of the estate.