## Paucker's Estate.

*Separate-use trust—Divorce and second marriage of beneficiary before testatrix's death.*

Where testatrix creates a separate-use trust for her daughter, described as the wife of a particular man, and the daughter, before testatrix's death, obtains a divorce and marries another man, the second marriage not being the marriage contemplated, the trust is inapplicable, and the daughter will be entitled to her share of the estate absolutely.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1922, No. 622.

*James B. Anderson, Jr.*, and *George J. Edwards, Jr.*, for exceptions.

HENDERSON, J., May 26, 1922.—The testatrix gave one-half of her estate in trust, "to pay the net income thereof to my daughter Bertha Roesler (wife of Richard E. Roesler) for her sole and separate use for the term of her natural life or until she shall become discovert. Immediately upon the said Bertha Roesler becoming discovert, then I direct my said trustee to pay over to her absolutely all of the personal property included in this trust . . . and direct him to convey to her in fee any and all real estate forming part of this trust. Should the said Bertha Roesler die during coverture, then I give, devise and bequeath the *corpus* of this trust . . . to my daughter Jennie Paucker absolutely."

Upon the day of the execution of the will Bertha Roesler was the wife of Richard E. Roesler. She divorced him on Nov. 22, 1920, and on Dec. 3, 1920, in the lifetime of the testatrix, was married to William J. Shields, with whom she now lives. Bertha Shields excepts to the refusal of the auditing judge to terminate the trust, and in this position Jennie Paucker concurs.

While a separate-use trust will always be upheld when created within the limits allowed by law, it is, nevertheless, the policy of the law to unfetter estates: Murray *v.* Lowrie, 208 Pa. 1. The law leans against the extension of such trusts by inference: MacConnell *v.* Wright, 150 Pa. 275. A separate-use trust must be declared in unequivocal language for a married woman or for a *feme sole* in immediate contemplation of marriage: Wells *v.* McCall, 64 Pa. 207. The marriage contemplated must be the marriage consummated; a marriage other than that contemplated will not support the trust: Hamersley *v.* Smith, 4 Wharton, 126. The marriage must exist or be in immediate contemplation at the date of the execution of the will: Quin's Estate, 144 Pa. 444; Neale's Appeal, 104 Pa. 214. Upon discoverture, either by death or divorce, the separate-use trust terminates: Williams's Appeals, 83 Pa. 377; and a second marriage does not revive it: Hamersley *v.* Smith, 4 Wharton, 126; Carman *v.* Bumpus, 244 Pa. 136.

With these principles in mind, we shall examine the language of this will. It provides for a separate-use trust for Bertha Roesler, wife of Richard E. Roesler, until she should become discovert. Bertha became discovert by divorce. Thereby the trust was not effective. Her marriage to Shields would not revive it. The trust for her as the wife of Roesler was for her protection from him, not from Shields. It did not revive on the second marriage by implication. A marriage with Shields was not in contemplation on the day the will was made. *Non constat*, but the testatrix would not have thought such protection necessary with Shields as the husband.

The exceptions are sustained, and the award in favor of Bertha Shields will be paid to her absolutely.