## Ward's Estate.

*Decedent's estate—Wills—Trusts—Sole and separate use trusts —Termination—Revival.*

When the married relation is terminated, any trust theretofore imposed upon the wife's estate on account of coverture fails, and is not revived if she marries again.

A decedent left his property to be divided among his daughters ten years after his death, but provided that any and all interests of his married daughters should be for their sole and separate use so that no present or future husband should have any right or control therein. A married daughter who had in the meantime become a widow died leaving her estate, including her share in her father's estate, subject to certain trusts created by her will. Her daughter claimed the mother's share under her grandfather's will upon the ground that the proviso of the grandfather's will operated to cut down the estate of his married daughter to a mere life estate without power of disposition. *Held:* The daughter of the decedent took an absolute estate, which by the death of her husband was freed of any trust placed thereon during coverture, and she was entitled to dispose of her portion by will.

Argued April 23, 1923. Appeal, No. 32, April T., 1923, by Mary E. Lawman, from decree of O. C. Allegheny Co., Sept. T., 1916, Nos. 33 and 34, dismissing exceptions to distribution account of Louise Ward, Surviving Executor and trustee under the will of William Ward, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to distribution account. Before TRIMBLE, J.

The opinion of the Superior Court states the case.

The court dismissed the exceptions. Mary Elizabeth Lawman appealed.

*Error assigned* was the decree of the court, quoting it.

*Mary Elizabeth Lawman,* in propria persona, for appellant.

*Jerome Miller,* of *Chantler, McClung and Miller,* and with him *Park J. Alexander,* for Fidelity Title and Trust Company.

OPINION BY TREXLER, J., July 12, 1923:

By the will of William Ward, the grandfather of the appellant it was provided "inter alia" that after the ex-

piration of ten years after his death the principal of the estate should be divided and each child was to receive its share absolutely. The will contains the following clause which furnishes the subject-matter of this controversy "I further order and direct that any and all interests of whatsoever nature herein given in my estate to any of my married daughters shall be for their sole and separate use so that no present or future husband that any of them may have shall have or exercise any right or control." Mrs. Lenore Lawman, the mother of the appellant was a married daughter and at the time of her death was a widow. By her will she devised and bequeathed all her residuary estate in trust to the Peoples Savings and Trust Company of Pittsburgh. The appellant, who appears without counsel, claims that her mother had no power to dispose of the part of her estate which was derived from her father William Ward, through the will above referred to, as her control over it was expressly limited by the words above quoted, to wit, "for her sole and separate use, so that no present or future husband shall exercise any control over it," and that this provision cuts down to a life estate what she was "to receive absolutely" and on her death this portion went to her children and was not part of her residuary estate and was not affected by any disposition of her estate by will.

We cannot accede to this proposition. The Supreme Court of this State has decided the other way and as no doubt the appellant knows, the decisions of the Supreme Court must be followed by us. In Carman v. Bumpus, 244 Pa. 136, citing a number of precedents, it is stated that when the married relation is terminated, any trust imposed on the wife's estate on account of coverture. falls and is not even revived if she marries again. The will there provided that the estate to testator's daughter should be "for her own sole and separate use, free and discharged from the control, debts or engagements of her present or any future husband, her own receipt for the

same to be a full discharge." It was held that when the husband died the trust fell. The decisions on the subject are reviewed in Quin's Est., 144 Pa. 444. The orphans' court, from whose decree this appeal is taken, followed well established law when they decided that when Mrs. Lawman's husband died she became the absolute owner of the share given to her under her father's will and could dispose of it by will.

The appellant in her statement of questions involved refers to a codicil to her mother's will which was lost. That matter is not before us in the present case. We may, however, state that it was decided in Lawman's Est., 272 Pa. 237, that the proof submitted as to the contents of the lost codicil did not meet the requirements of the law. Unfortunately for the appellant the act of legislature which the Supreme Court was bound to follow provides that the contents of the lost codicil must be proven by two or more competent witnesses and it seems it was not within the power of the appellant to comply with this provision.

The decree of the orphans' court is affirmed. The appellant to pay the costs.